Cooper, Admr., etc., vs. THE MILWAUKEE AND PRAIRIE DU CHIEN RAILWAY COMPANY.

A servant cannot recover against his employer for injuries caused by the negligence of a fellow servant, without showing negligence in employing

or retaining the latter, he being an unfit person ; and mere proof of the particular act of negligence causing the injury is not sufficient. So *held*, where a brakeman on a train was injured by the taking up of rails to repair the track, of which the train was not properly notified.

PAINE, J., dissents.

APPEAL from the Circuit Court for *Milwaukee* County.

Action by an administrator, under the statute, for injuries to the person of his decedent, causing death. John Cooper, the deceased, while in the employ of the defendant as a brakeman, and serving as such on a train, was killed in consequence of the train running into a gap in the road, caused by the removal of rails for the purpose of making repairs. The complaint charges the company with negligence in not keeping the road in a safe condition, and in not having, by its officers and agents engaged upon said repairs, caused proper notice of the defect to be given to said train, and in not employing a sufficient number of workmen to make said repairs, and in not employing a competent and trustworthy person to superintend them. It appears that the break in the road was some thirty or forty rods west of a bridge, about six hundred feet long, across the Rock river, on the line of the defendant's road ; that the train came from the east ; that there is a pretty sharp curve some seventy-five or eighty rods east of the bridge, and a descending grade from the curve to the bridge ; and that the train, consisting of sixteen or seventeen cars, besides the caboose, was loaded with wood ; that the day was wet and dark, and the track slippery ; that there was no notification of the break given to the train except by a flag from four to six rods west of the bridge, which was not more than about two feet high, and which the engineer did not observe until he approached the east end of the bridge, when it was raised and waved by hand. It further appears that the workmen engaged in repairing the road took up three rails at once, and after the train came in sight succeeded in getting down only

two before it reached that point. The other evidence need not be stated.

The plaintiff was nonsuited, and appealed from the judgment.

*E. Fox Cook*, for appellant, cited *Priestley v. Fowler*, 3 Mees. & Wels. 1; *Murray v. S. C. R. R. Co.*, 1 McMullan, 385; *Farwell v. B. & W. R. R. Co.*, 4 Met. 49; *Noyes v. Smith*, 28 Vt. 59; *Hard v. R. R. Co.*, 32 id. 473; *Hutchinson v. R. R. Co.*, 5 Wels. H. & G. 343; *Coon v. R. R. Co.*, 6 Barb. 231; *Hayes v. R. R. Co.*, 3 Cush. 270; 1 Am. L. C. (3d. ed.) 620; *Gallaher v. Piper*, 16 Com. Bench N. S. 669; 19 id. 361; 2 id. 429; 3 Hurl. & Colt. 589; 96 E. C. L. 100; 1 Mc-Queen, 748; 3 id. 266, 300; 33 Eng. L. & Eq. 1, 103; 6 Hurl. & Norm. 349; 10 Gray, 274; 14 id. 466; 48 Me. 113; 24 N. Y. 410; 11 Smith, 562; 4 Seld. 175; 3 Kern. 1; 9 Cush. 112; 35 N. H. 271; 23 Conn. 339; 19 id. 566; 8 Allen, 441; *Louisville & Nashville R. R. Co. v. Collins*, Am. Law. Reg. March, 1866, p. 265. Upon these authorities he contended, (1.) That the whole evidence as to the manner in which the rails were taken up and relaid, and of the want of care in giving adequate notice of the danger to the approaching train, should have been submitted to the jury, to enable them to determine whether the defendant had not been negligent in not selecting a careful and competent person for that position. (2.) That the general rule that the master is not liable to his servant for the negligence of a fellow servant, did not apply to this case, because the section foreman was not engaged in the same branch of service as the deceased.

*Finches, Lynde & Miller*, for respondent, cited *Moseley v. Chamberlain*, 18 Wis. 700, and the following cases decided since that: 48 Me. 113; 38 Pa. St. 104; 32 Vt. 477; 25 N. Y. 562; 1 Daly, 123, 434; 29 Conn. 548; 9 Jones (Mo.) 115; 23 Ind. 81; 22 id. 26; 28 How. Pr. R. 472; 31 Cal. 377; Am. Law Reg. Oct. 1867, p. 752; 101 Eng. C. L. 437; 103 id. 428; 114 id. 229; 7 Hurl. & Norm. 937; 2 Hurl. & Colt. 101.

DIXON, C. J.   It was no doubt negligence in the flagman to put up the flag west of the bridge, and so near to the place where the rails were taken up.   If he had crossed the bridge, and gone to the first curve east of it, and put up the flag there, so that it could have been seen upon the straight line of road beyond, it seems morally certain that the fatal accident of which the plaintiff complains, and by which his intestate lost his life, would never have happened.   It may also have been negligence in the section foreman, that he did not direct the flagman to go to the proper place beyond the bridge, or see that he did so; and, not having done that, he may have been still further negligent in permitting so many rails to be taken up at a time.   But all this is to no purpose, so long as it is not shown that the company, its officers or agents, were negligent in the employment of these persons, or in retaining them in its service.   The negligence of the company, its officers or agents, in employing careless and unfit servants, is the gist of the action; and unless this be shown, there can be no recovery. To establish such negligence, either a want of proper care in the employment of suitable servants in the first instance must be shown, or else it must be shown that unfit persons were retained in the service of the company with the knowledge of its officers or agents, or under such circumstances that, in the exercise of reasonable care and prudence, the officers or agents ought to have known their unfitness, and to have dismissed them on that account.   It was for want of such proof as this that the court below ordered the nonsuit; and, upon careful consideration of the evidence, we must say that we think the judgment ought not to be disturbed.   Aside from the proof of negligence in the servants on the occasion in question, which is clearly not enough to charge the company, there is not the slightest evidence showing, or tending to show, negligence on the part of the company in the employment of those servants. They had been in the service of the company for a long time,

and, for all that appears, had always before been faithful and diligent in the discharge of their duties, and fully competent, so that there was no reason to discharge them, or upon which to base the charge of negligence against the officers or agents of the company.

PAINE, J., *dissenting*. I concede that within the current of the authorities upon this subject, there was no proof to charge the company with negligence in employing or retaining the servants, through whose negligence the death in this case was occasioned. But, for the reasons given in *Chamberlain v. The Mil. & Miss. R. R. Co.*, 11 Wis. 238, I do not assent to the rule of law established by those authorities. This case also comes within the exception sustained by several cases referred to in that opinion, which have held that a servant may recover for an injury occasioned by the negligence of another servant, if the latter was engaged in a different department of the service. The taking up and relaying the track is no part of the ordinary business of running the cars. It is not like the duty of a switchman in that respect. It is as though the company had found it necessary to take down and rebuild a bridge, and had, through their bridge builders, taken down the bridge, and neglected to give notice to approaching trains. There are a number of cases which decide, and others intimate, that in such cases the company would be responsible. As shown in the opinion referred to, I do not think the distinction which these cases establish is sound upon principle, but that the company ought to be liable in every case for an injury occasioned by the negligence of its servants, without any fault by the party injured. But at the same time I would avail myself of any class of cases which approach that position though not coming up to it. I do not desire here to go into any review of the authorities, or any elaborate discussion of the question, but only

to indicate the grounds of my dissent. I think the judgment should be reversed.

