## Shultz vs. The Chicago, Milwaukee & St. Paul Railway Company.

COURT AND JURY: *Question in whose service plaintiff was, when injured, for the jury.*

Plaintiff, with others, was employed by defendant to work on a pile-driver, under the direction of a foreman selected by defendant, and whose duty it was to see that the pile-driver was kept in proper condition. Afterwards L. was constructing a pontoon bridge across a river, for a railway track connecting the tracks of defendant's railway on opposite sides of the river, and designed for transferring trains across the river. L. was the owner of the bridge, and its construction his individual enterprise; but he had a contract with defendant by which it was to furnish him at cost the use of its pile-drivers, locomotives, etc., together with the service of its employees, "for the purpose of putting down and taking up, as required, the tracks used in said transfer business." Under this contract, defendant sent the pile-driver on which plaintiff was employed, and the men employed thereon, to L., "to be used by him in constructing the bridge," and plaintiff, while so employed, received the injury here complained of. There was evidence tending to show that when injured he was doing L.'s work, under direction of L., who might have discharged him from such employment at any time; that he looked to L. for his pay, and was paid by him; and that the company was then exercising no control over him or his work, and did not recognize its liability to him for wages. *Held*, that upon this evidence the question (which was material to the right of action), whether plaintiff was the servant of the defendant or of L. when so injured, should have been *submitted to the jury*.

APPEAL from the Circuit Court for *Crawford* County.

Action to recover damages for personal injuries. By direction of the court, on the trial, the jury returned answers to several specific questions of fact. The pleadings, evidence and special verdict disclose the following facts :

The plaintiff was employed by the defendant company to work on a pile-driver. He was one of a number of men so employed, all of whom were under the direction of a foreman selected by the company. It was the duty of the foreman to see that the driver was kept in a proper and safe condition for

use.   In 1873, one John Lawler constructed a pontoon bridge across the Mississippi river at Prairie du Chien for the purpose of laying upon it a railway track to connect the tracks of the defendant's railway on the east and west sides of the river, so that trains might be transferred on such bridge across the river.   The construction of the bridge was the individual enterprise of Mr. Lawler, who was the owner of the bridge. Lawler had a contract with the company, in which the latter agreed to furnish him at cost the use of its pile-drivers, locomotives, rigging and machinery, together with the service of its employees, "for the purpose of putting down and taking up, as required, the tracks used in said transfer business." Under this contract, the proper agents of the company sent the pile-driver upon which the plaintiff was employed, with the men employed therewith, including the plaintiff, to Mr. Lawler, to be used and employed by him in constructing the bridge.   Mr. Lawler paid those men for their work on the bridge.

The plaintiff received the injury complained of when at work on the pile-driver on the bridge, by the premature falling of the hammer.   Some portion of the apparatus for holding the hammer was out of repair and in a dangerous condition, and was negligently suffered to remain so; and the accident resulted therefrom.   The right hand and wrist of the plaintiff is rendered permanently useless by the injury; and he was not guilty of any negligence which contributed thereto.

It was a disputed question on the trial, whether the plaintiff, when injured, was in the service of the company or of Mr. Lawler.   The testimony bearing on that question is stated in the opinion.

The circuit judge instructed the jury, in substance, that the defendant furnished the pile-driver and its crew to Mr. Lawler; that the latter had no choice in the selection of the men, or machinery, or the foreman thereof; that all of the causes and precautions through which accidents might result or be

prevented were under the control of the company, and not of Mr. Lawler; whose only concern was, that the men and machinery should be competent to do the work for which he was to pay the company; that it was immaterial that Lawler paid the men; and that if either is liable to the plaintiff for his injuries, it is the company which is so liable, and not Mr. Lawler.

The jury found for the plaintiff, and assessed his damages at $3,000. A motion for a new trial was denied; and from a judgment entered pursuant to the verdict, the defendant appealed.

*Melbert B. Cary,* for the appellant, argued, among other things, that the evidence showed the plaintiff to have been in the service of Mr. Lawler, and not of the defendant, when he received his injury; and that even if Lawler had been a contractor constructing the bridge for the defendant instead of for himself, defendant would not be liable. *Young v. N. Y. C. R. R. Co.,* 30 Barb., 229; *Burke v. N. & W. R. R. Co.,* 34 Conn., 474.

The cause was submitted for the respondent on the brief of *George C. Hazelton,* who argued, among other things, that the remarks of the court to the jury as to the plaintiff's having been in the service of the defendant rather than that of Lawler, were a mere expression of opinion in regard to a fact; that the jury were at liberty to find otherwise; and that such statement of the judge's opinion was therefore not error. *Fowler v. Colton,* 1 Pin., 331, 337–8.

LYON, J. The case of the plaintiff necessarily depends upon the existence of the fact that he was in the service of the defendant company when he received the injuries of which he complains. Unless he then sustained that relation to the defendant, the latter is not liable in this action. The learned circuit judge held, upon the evidence, that the plaintiff was in the service of the defendant, when injured, and that if he has

a cause of action to recover damages for his injuries, it is against the defendant, and not against Mr. Lawler. If there is any testimony in the case tending to show that the plaintiff, when injured, was not an employee of the defendant, but of Mr. Lawler, the question whether he was in the service of the one or the other should have been submitted to the jury, and it was error for the judge to exclude it from their consideration, and determine it himself.

The plaintiff testified that, when injured, he was working for Mr. Lawler, who paid him for his work on the bridge; that he had been at work about nine months on the pile-driver, the most of that time for the defendant, the balance of it for Mr. Lawler; that he had been on the pay roll of the defendant until he went to work for Mr. Lawler; and that he made no contract with the latter to work on his bridge. It does not appear that plaintiff knew of the existence of any contract between Lawler and the defendant. One McGraw testified that in 1873 he was foreman of carpenters for the defendant; that he worked on the transfer bridge; that it was built under the direction of John Lawler; that "it was the general understanding that the railroad company had nothing to do with the building of the bridge further than to build the approaches to low water mark;" that he made no contract with Mr. Lawler, but the latter requested him to work on the bridge, and he did so by order of the chief carpenter of the defendant; and that he looked to Lawler for his pay, and was paid by him for his work.

There is other testimony to the same effect. Loomis, the foreman of the pile-driver, testified as follows: "The railroad company, while we were at work on Lawler's bridge, did not, by its agents or otherwise, give us any directions what to do, and did not attempt to control the management in any way while we were there. We had been at work a week or two on the transfer in 1873, when the plaintiff was injured." It was admitted on the trial, that the bridge was Mr. Lawler's, and

"that the work that was being done by the crew of the pile-driver, including the plaintiff, was being done for Mr. Lawler at the time the plaintiff was injured."

The foregoing testimony tends to prove that the plaintiff, when injured, was doing Mr. Lawler's work under the sole direction of Mr. Lawler, who might have discharged him from such employment at any time; that he looked to Lawler for his pay, and was paid by him; and that, during the time he was employed on the bridge, the company exercised no control over the plaintiff or his work, and did not recognize its liability to him for his wages. Had the question been submitted to the jury, whether the plaintiff was the servant of the company or of Lawler, when he received the injuries complained of, this testimony is sufficient to support a finding that he was then the servant of Lawler and not of the company. We do not say that such a finding would be sustained by a preponderance of evidence, but only that it would not be entirely unsupported by evidence. It necessarily follows from these views, that the circuit court erred in taking that question from the jury, and in holding that if either is liable to the plaintiff for his injuries, it is the defendant company, and not Mr. Lawler. This error is fatal to the judgment, and we are relieved from the duty of passing upon certain other questions argued at the bar and in the briefs of counsel.

Attention is invited to the late case of *Rourke v. White Moss Colliery Co.*, L. R., Part X (October, 1876), Common Pleas Division, p. 556, which contains some discussion, and in which several English cases are cited, bearing upon the question of the defendant's liability in this action. On the general subject of a master's liability for an injury suffered by his servant in the course of his employment, see *Strahlendorf v. Rosenthal*, 30 Wis., 674; *Brabbitts v. C. & N. W. R'y Co.*, 38 id., 289.

*By the Court.* — Judgment reversed, and a new trial ordered.