WEDGWOOD vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

RAILROADS: NEGLIGENCE: COURT AND JURY. *(1) Duty of railroad company to employees in respect to cars. (3) When company bound to take notice of defect in car. (2) What facts will send question of company's negligence to the jury. (4, 5) Contributory negligence: how far brakeman bound to take notice of defect in car.*

1. A railroad company owes its employee reasonable diligence in inspecting and repairing its cars; and is liable for injury to him caused by a defect in one of its cars, which, in the exercise of ordinary care, it would have discovered and remedied.

2. The question of defendant's negligence was properly *submitted to the jury* upon evidence that a bolt in the brake-beam of one of its cars projected unnecessarily for a considerable distance, so as to be in the way of a brakeman coupling such car to another, and that the injury complained of, received by plaintiff while coupling for defendant, was caused by such projection.

3. Such projection, if a defect, being an *obvious* one, which defendant was bound to remedy, there was no error in refusing to charge the jury that if the car became thus defective after it was first put in use by defendant (several years before the accident), the latter was not liable unless it had *notice* of the defect. *Smith v. The C., M. & St. P. R'y Co.,* 42 Wis., 520, distinguished.

4. After charging that any contributory negligence of plaintiff at the time of the accident would prevent a recovery, the court did not err in refusing to charge that if plaintiff had as good opportunity or means of knowing the defect as defendant had, but overlooked it, this was negligence which would prevent a recovery. And especially was this not error, where there was no evidence that plaintiff was familiar with the car, or had ever before coupled it.

5. In the absence of proof that plaintiff was in charge of the car at the time of the injury, except so far as is implied in his service as brakeman, or had any duty of inspecting it, there was no error in refusing to charge that it was his duty to observe any defect in it, and to avoid it, if dangerous, and that his failure to do so would prevent a recovery.

APPEAL from the Circuit Court for *Sauk* County.

Action for injuries suffered by the plaintiff in the course of his employment as a brakeman upon a freight train on a division of defendant's road in the state of Illinois. The substance of the complaint is stated in the report of a former appeal herein, 41 Wis., 478; and the evidence given at the trial, as well as the errors alleged here, will sufficiently appear from the opinion, *infra.*

The plaintiff had a verdict and judgment; and the defendant appealed.

*Geo. B. Smith* and *F. J. Lamb,* for the appellant.

*J. W. Lusk,* for the respondent.

COLE, J. This case has been once before this court, on appeal from a judgment dismissing the complaint, and will be found in 41 Wis., 478. We then held that the facts stated in the complaint showed an actionable injury, and reversed the judgment. The cause went back for trial, and, on the trial, when the plaintiff rested, the defendant moved for a nonsuit, which was denied. Again, at the close of the testimony on both

sides, the defendant moved to dismiss the complaint and for judgment of nonsuit, which was also denied. The first and second errors assigned are these rulings of the court.

We are very clear in the opinion that the court was right in refusing to withdraw the case from the consideration of the jury, on the question of defendant's negligence. It is said by the learned counsel for the defendant, that there was no evidence to go to the jury upon the question of the failure of the company to perform any duty which it owed the plaintiff, or that the injury complained of was caused by a defect in the freight car, or in the braking machinery furnished the plaintiff to operate, or that the cars were not in perfect order. The contention of the plaintiff was, that the bolt in the brake beam, or draw-bar, unskillfully projected in the way of a brakeman coupling the cars, and was suffered so to remain out of place, thereby increasing the danger of his employment. We think there was evidence from which the jury might well have found that this bolt did project through the bar or beam farther than was necessary, so as to make the act of coupling the cars unnecessarily hazardous. The conductor, Stockwell, testified that he was present when the accident happened, and had his attention called to this bolt by the fireman; that he measured it with his hands, and that it extended through the draw-bar about twelve inches. The employee, McGilvera, testified substantially to the same fact, that the bolt was out very nearly even with the draw-bar, or nearly twelve inches. It was a question for the jury, upon all the evidence, whether this condition of the bolt constituted a defect in the braking machinery, which enhanced the risk of the plaintiff in coupling the cars, and which the company was under obligation to remedy.

There was abundant evidence that this bolt caused the injury. The plaintiff in his testimony says, that as he went to pass between the moving and stationary car to the opposite side of the track, to give the engineer the signal to stop, he

struck his leg against this bolt, and was thrown down and in-jured. And McGilvera also testified, that when the plaintiff was going around the draw-bar, that rod caught the leg of his pants, and made him stumble; that he examined the end of the bolt, after the accident, and found ravelings of thread on it. We do not attempt to give the precise words of the wit-nesses, but this is the substance of their testimony on this point. In view of this testimony, it cannot be said that there was no evidence to go to the jury on the question whether there was a defect in the braking appliances of the car, which the company ought to have known, and remedied; or whether this defect did or did not cause the injury. Of course, it was not the province of the circuit court, any more than it is of this court, to pass upon the weight or effect of this testimony, but only to determine whether there was any evidence of neg-ligence on the part of the defendant, which should be sub-mitted to the jury. And it seems to us plain that there was.

The third error assigned is, the refusal of the court to give the last four instructions asked on the part of the defendant. We think all these instructions were open to objection, and were properly refused. The fourth instruction refused was to the effect that, if the car became defective in the particular complained of, after it was put in use, about five years ago, and before the injury occurred, May 31, 1875, the defendant was not liable for such defect, unless it neglected to have the defect remedied *after it had notice of the same.* On the former appeal it was said that the company was bound to take due care, and use all reasonable means, to guard against de-fects in its cars, which would endanger the lives and limbs of its employees while in the performance of their duties; and the same rule of liability was affirmed in *Smith v. The C., M. & St. P. Railway Co.*, 42 Wis., 520. If the projection of the bolt in the brake-beam in question constituted a defect, it was obvious and palpable, and was not a latent defect like that in the brake-rod in the Smith case. If the car became defec-

tive in the particular complained of, after it was put in use, it was the duty of the company to put it in proper repair.

The fifth and sixth instructions refused embrace essentially the same proposition, viz., that if the plaintiff had as good opportunity or means of knowing of this defect in the car as the defendant had, and did not know it, but overlooked it, this was such negligence on his part as prevented a recovery. The court had previously given the first instruction asked, which was, that if the plaintiff was careless, heedless or negligent at the time the injury occurred, and such carelessness, heedlessness or negligence materially contributed to the injury, he could not recover. This instruction covered the question of contributory negligence. The court could not charge, as a matter of law, that if the plaintiff had means or an opportunity of knowing the defect, but did not notice it, this was carelessness on his part. It does not appear that the plaintiff was familiar with this car, or had ever before had occasion to couple it to others. At the moment of his fall, and in his effort to cross the track to signal the engineer to stop the train, his attention would naturally be diverted from the projecting bolt. Situated as he was, he might have overlooked or not have noticed the bolt without any imputation of carelessness. At all events, the question of contributory negligence was peculiarly one of fact for the jury, in view of all the circumstances attending the transaction. *Butler v. The Mil. & St. P. Railway Co.*, 28 Wis., 487.

The seventh instruction was to the effect, that, as the plaintiff was in charge of the car at the time of the injury, it was his duty to have observed any defect, and avoided it, if dangerous, and if he did not, it was negligence, and the defendant was not liable. It does not appear that the plaintiff had any special charge of the car, except what is implied from his service as brakeman, or that he was intrusted with any duty of inspecting it. We have said that the company was under obligation to use reasonable means to guard against defects in

its cars. It was bound to exercise reasonable diligence in watching its cars, inspecting them, and keeping them in repair. This duty it owed its employees. The danger they incurred in entering its service was not to be increased by neglect or failure to perform this legal duty. And if there was a defect in the braking apparatus of the car in question, which had existed so long, or was of such a character, that the defendant, by the exercise of ordinary care, could have discovered and repaired it, it is liable for an injury sustained by an employee in consequence of such defect.

Various exceptions were taken to the general charge of the court, which are relied on to reverse the judgment. We do not deem it necessary to notice these exceptions in detail. It is sufficient to say that we have carefully considered the charge, and do not think it is obnoxious to any fair criticism. It is clear, accurate and discriminating, and covers the law of the case.

The last error assigned is the refusal of the court to grant a new trial. If we are correct in the views already expressed, a new trial was properly denied.

*By the Court.* — The judgment of the circuit court is affirmed.

Lyon, J., took no part.