DWYER VS. THE AMERICAN EXPRESS COMPANY.

*September 19 — October 10, 1882.*

MASTER AND SERVANT: NEGLIGENCE of co-employee. *(1) "Agent and manager" of express company's office not presumed to be vice-principal, (2) especially when engaged in same work with employee. (3) Liability for negligence of vice-principal so engaged?*

1. In an action against an express company for injuries received while in its employment, an allegation in the complaint that such injuries were caused by the negligence of one who was the "agent and manager of the said company's office" in the city where the plaintiff was employed, does not, in the absence of further allegations showing what the duties and powers of such agent were, create the presumption that he was a *vice-principal* for whose negligent acts resulting in injury to its employees the express company would be liable.

2. And especially does not such presumption arise where the complaint further shows that the acts from which the injury resulted were done by such agent while engaged as driver of the team drawing goods between the company's office and the depots and while defendant was riding to and fro, assisting in loading and unloading such goods.

[3. Whether if the complaint had alleged facts showing that such agent was in fact the vice-principal of the company and empowered to do all acts at a certain city which the company was authorized to do, the company would be liable for his negligence while engaged in the same work with the plaintiff, is not determined.]

APPEAL from the Circuit Court for *Winnebago* County.

The case is thus stated by Mr. Justice TAYLOR:

" This action was brought to recover damages for an injury received by the plaintiff while in the employ of the defendant company, and which he alleges was the result of the careless-ness of the defendant's agent. The complaint was demurred to for the reason that it did not state facts sufficient to con-stitute a cause of action. The demurrer was sustained, and from the order sustaining the same the plaintiff appealed.

" The following is a copy of the complaint: ' The plaintiff complains and alleges: That the defendant is a foreign cor-poration, duly incorporated and doing business in the state of Wisconsin, engaged in transporting money, goods, wares, and merchandise, for hire, from place to place; that said de-fendant has an office in the city of Oshkosh, Winnebago county, Wisconsin, and has had for the past fifteen years; that one W. Colvin is now, and has been for the past fifteen years, agent and manager of the said company's office in the city of Oshkosh, in the county and state aforesaid; that the plaintiff has been engaged and employed by the said de-fendant in their office, in the city of Oshkosh, aforesaid, for the past fourteen years, and was so employed and working for said defendant on the 23d day of June, 1881; that said defendant received money, goods, wares, and merchandise at its office in said city, from the railroads entering said city, and from merchants, bankers, and other persons, and transferred the same to and from the railroad offices in said city in wagons owned and operated by said defendant; that the plaintiff's duty was to go to and from the said railroad offices and said defendant's office with said wagons, re-ceive, load, and unload goods, wares, and merchandise upon and from said wagons of the said defendant, so used and en-gaged in transferring goods, wares, and merchandise from the railroads and the office of the said defendant; that on the 23d day of June, 1881, while so engaged and employed in going from the office of the said defendant to the depot

of the Chicago & Northwestern Railroad Company with a load of goods, wares, and merchandise then being transferred from the said defendant's office, in the said defendant's wagon, which wagon was then being driven and managed by the said W. Colvin, agent and manager of the said defendant, this plaintiff being upon said wagon by direction of said W. Colvin, was, on said 23d day of June, 1881, by reason of the careless, negligent, and unskillful driving and management of the said wagon by the said Colvin, thrown from said wagon to the ground, without any fault or negligence on his part, at the corner of Tenth and Kansas streets, and a part of the load upon said wagon thrown onto him, and his left ankle crushed and broken; by means whereof the plaintiff was made to suffer great bodily pain, and for a long time was made sick and unable to labor, and was confined to his bed and house, and is still unable to labor, and still suffers great bodily pain from said injury. Wherefore the plaintiff demands judgment against the defendant for the sum of $5,000.'"

*James Freeman,* for the appellant:

The negligence of the agent or superintendent was the negligence of the defendant. *Malone v. Hathaway,* 64 N. Y., 5; 21 Am. Rep., 573; *Ford v. Fitchburg Railroad Co.,* 110 Mass., 240; *Chicago & N. W. Railroad Co. v. Jackson,* 55 Ill., 492; *Corcoran v. Holbrook,* 59 N. Y., 517; *Gormly v. Vulcan Iron Works,* 61 Mo., 492; *Brabbits v. C. & N. W. Railway Co.,* 38 Wis., 289; *Mann v. Oriental Print Works,* 11 R. I., 152; *C. & N. W. Railroad Co. v. Bayfield,* 37 Mich., 205; Cooley on Torts, 560–562.

For the respondent there was a brief by *Weisbrod & Harshaw,* and oral argument by *Mr. Weisbrod.* They argued, among other things, that the complaint does not allege that Colvin was the *alter ego* of the defendant, so as to make his negligence the negligence of the defendant. Nor does it charge *the defendant* with any negligence. Colvin was merely

a co-employee with the plaintiff. *Allen v. New Gas Co.*, L. R., 1 Ex. Div., 251; *Bartonshill Coal Co. v. Reid*, 3 Macq., 266; *Lovegrove v. Railway Co.*, 16 Com. B. (N. S.), 692; *Cotton v. Wood*, 8 id., 568; *Feltham v. England*, 7 B. & S., 676; *Howells v. Landore Siemens Steel Co.*, 10 id., 62; Wood on M. & S., 846, 851. Even if as "agent and manager" he represented the defendant in all respects, he was, while driving the team, acting as a co-servant with the plaintiff, and for his negligence while so acting the defendant is not liable. Wood on M. & S., 886, 902; *Brickner v. N. Y. C. Railroad Co.*, 2 Lans., 516; *Crispin v. Babbitt*, 81 N. Y., 516; *McCosker v. L. I. Railway Co.*, 84 id., 77.

Taylor, J. Upon the argument in this court the learned counsel for the appellant insists that the complaint shows that Colvin, who is designated in said complaint as "the agent and manager of said company's office in the city of Oshkosh," is and was the vice-principal or "*alter ego*" of the defendant, and that consequently the defendant company is liable for any and all negligent acts done by him in his employment, by reason of which an injury results to one of its employees; that the agent of the defendant company must be held to be the embodiment or personality of the company, and his acts, done in the business of his company, must be deemed, for all purposes, the acts of the company itself. This was evidently the theory upon which the complaint was drawn. The complaint does not charge the negligence of the company as the cause of the injury, but does charge that the negligence of the agent caused it, claiming that because he was the agent and manager of the company his negligence was the negligence of the company as between itself and its employees, as well as third persons.

The difficulty of this theory of the learned counsel is that the complaint does not contain any allegations which show what the duties and powers of this agent and manager were,

or which tend to show that he was the vice-principal or *alter ego* of the company. The only acts shown to have been done by the agent in his employment are such as clearly show that he was acting as a co-employee of the plaintiff in performing the work of the defendant, and that, while so employed, his negligence caused the injury of which he complains. The plaintiff alleges that it was his duty, as employee of the defendant, to go to and from the railroad offices and defendant's office with wagons, and receive, load and unload goods, wares and merchandise upon and from said wagons; that he was engaged in that business when he was injured; and that Colvin, the agent, was employed in driving the team. It seems to us very clear that if the business of the defendant was in part to transport goods to and from the railroad depots from its office in the city, and it was the duty of the plaintiff to load and unload such goods, and ride upon the defendant's wagons to and from the city office to the railroad depots in the performance of such duty, and at the same time it was the duty of the agent to drive the team in the performance of that work, then the agent and plaintiff were engaged in the performance of the same work for the defendant, and are co-employees within the most limited definition of that term. The complaint failing to set out any of the duties of the agent other than that he was engaged, at the time of the accident, in driving the team which drew the goods to and from the office to the depots, while the plaintiff was riding to and from and assisting in loading and unloading the same, an employment which clearly makes them co-employees, the court would not be justified in holding, as a question of law, that the agent, while doing that work, was not a co-employee with the plaintiff.

Designating Colvin as agent and manager does not convey any definite idea of the powers vested in such manager or agent. The court cannot presume from that designation that he had all the powers of the company and stood in its

place for all purposes; and especially must this be so where the complaint itself shows that the only acts he did perform, and from which the injury resulted, were performed by him in the business of the defendant as a co-employee with the plaintiff.

If the complaint had alleged facts showing that Colvin was in fact the vice-principal of the defendant, and authorized and empowered to do all acts at the city of Oshkosh which the company was authorized to do, there would still remain the disputed question whether the company would be liable to the plaintiff for the negligence of such agent when in fact employed in the same work with the plaintiff. If the agent or manager had full power to act for the company at Oshkosh in all matters pertaining to its business there, and was also required to act as driver of the team in transporting goods, etc., to and from the office to the depots, the authorities are somewhat in conflict whether he would not be held as the plaintiff's co-employee while so engaged, notwithstanding his ample authority in other respects, and whether, for his negligence in the capacity of driver, the company might not claim exemption from liability on the ground that the injury resulted from the negligence of a co-employee. *Crispin v. Babbitt*, 81 N. Y., 516; *McCosker v. Railroad Co.*, 84 N. Y., 77; *Berea Stone Co. v. Kraft*, 31 Ohio St., 287; *Brickner v. Railroad Co.*, 2 Lans., 506–516; Wood on M. & S., §§ 438, 451, 453. Upon this question we give no opinion, as we are satisfied that the complaint does not state any facts showing that the agent, Colvin, stood in the relation of vice-principal of the defendant.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.