HEINE VS. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*October 24 — November 20, 1883.*

RAILROADS: MASTER AND SERVANT. *Who are co-employees in common employment.*

Plaintiff was engaged, with others, in "surfacing track" for the defendant railway company, and it was his duty, among other things, to shovel the gravel from loaded gravel-trains. While he was attempting to get upon such a train, by order of the conductor, for the purpose of being taken to the place where the gravel was to be unloaded, the conductor negligently and without warning started the train, and the plaintiff was thrown upon the track and injured. *Held*, that the plaintiff and the conductor of the train were co-employees engaged in the same business, and the company is not liable for the injury.

APPEAL from the Circuit Court for *Sauk* County. The facts are stated in the opinion. At the close of the testimony, the court directed a verdict in favor of the defendant, and from the judgment entered thereon, dismissing the complaint, the plaintiff appealed.

*G. Stevens*, for the appellant, contended, *inter alia*, that the plaintiff and the conductor were not co-employees in a common service. No service is "common" which does not admit of common participation. The only service in which the conductor was engaged was the control of the train, and in this the plaintiff did not and could not participate. The conductor having been placed in authority by the company, and the injury having resulted from the careless exercise of that authority, the company should be held liable. *Cleveland, C. & C. R. R. Co. v. Keary*, 3 Ohio St., 201; *Berea Stone Co. v. Kraft*, 27 Am. Rep., 510; *Union Pacific R. R. Co. v. Fort*, 17 Wall., 553; *Lalor v. C., B. & Q. R. R. Co.*, 52 Ill., 401; *Mann v. Oriental Print Works*, 11 R. I., 152.

*Wm. F. Vilas*, for the respondent, in addition to the cases

commented upon in the opinion, cited: *Crispin v. Babbitt,* 81 N. Y., 516; *McCosker v. L. I. R. R. Co.,* 84 id., 77; *Murphy v. B. & A. R. R. Co.,* 88 id., 146; *Slater v. Jewett,* 85 id., 61; *Hoffnagle v. N. Y. C. & H. R. R. R. Co.,* 55 id., 608; *Warner v. Erie R'y Co.,* 39 id., 470; *Wright v. N. Y. C. R. R. Co.,* 25 id., 562; *Sherman v. R. & S. R. R. Co.,* 17 id., 153; *Malone v. Hathaway,* 64 id., 5; *Brown v. Maxwell,* 6 Hill, 592; *Weger v. Penn. R. R. Co.,* 55 Pa. St., 460; *Ryan v. C. V. R. R. Co.,* 23 id., 384; *Lehigh V. Coal Co. v. Jones,* 86 id., 432; *St. L. & S. E. R'y Co. v. Britz,* 72 Ill., 256; *Chicago & A. R. R. Co. v. Keefe,* 47 id., 108; *Illinois C. R. R. Co. v. Cox,* 21 id., 20; *Schauck v. N. C. R'y Co.,* 25 Md., 462; *Cumberland C. & I. Co. v. Scally,* 27 id., 589; *Hard v. V. & C. R. R. Co.,* 32 Vt., 473; *Lawler v. A. R. R. Co.,* 62 Me., 463; *Beaulieu v. Portland Co.,* 48 id., 295; *O'Connor v. Roberts,* 120 Mass., 227; *Holden v. Fitchburg R. R. Co.,* 129 id., 268; *Osborne v. Morgan,* 130 id., 102; *Zeigler v. Day,* 123 id., 152; *Walker v. B. & M. R. R. Co.,* 128 id., 8; *Summersell v. Fish,* 117 id., 312; *Albro v. Agawam Canal Co.,* 6 Cush., 75; *Gillshannon v. S. B. R. R. Co.,* 10 id., 228; *Hayes v. Western R. R. Co.,* 3 id., 270; *Gilman v. Eastern R. R. Co.,* 10 Allen, 233; *Thayer v. St. L., A. & T. H. R. R. Co.,* 22 Ind., 29; *McGowan v. St. L. & I. M. R. R. Co.,* 61 Mo., 528; *Marshall v. Schricker,* 63 id., 308; *Daubert v. Pickel,* 4 Mo. App., 590, 591; *Halverson v. Nisen,* 3 Sawyer, C. C., 562; *Collier v. Steinhart,* 51 Cal., 116; *McLean v. Blue Point G. M. Co.,* id., 255; *Wilson v. Merry,* L. R., 1 Scotch & Div. App. Cas., 326; *Hutchinson v. Y., N. & B. R'y Co.,* 5 Exch., 343; *Feltham v. England,* L. R., 2 Q. B., 33; *Gallagher v. Piper,* 16 C. B. (111 Eng. C. L.), 669; *Wigmore v. Jay,* 5 Exch., 354; *Wiggett v. Fox,* 11 id., 832; *Charles v. Taylor,* 38 L. T. Rep., 773; *S. C., L. R., 3 C. P. Div.,* 492; *Searle v. Lindsay,* 11 Com. B. (103 Eng. C. L.), 429; *Howells v. Landore Steel Co.,* L. R., 10 Q. B., 62; *Morgan v. Vale of N. R'y Co.,* 1 id., 149; *Allen v. New Gas*

*Co.,* L. R., 1 Exch. Div., 251; *Murphy v. Smith,* 19 C. B. (115 Eng. C. L.), 361.

TAYLOR, J. · This action was brought by the appellant to recover damages for injuries received while at work for the respondent as a common laborer. The appellant, with a large number of other men, was at work for the respondent near Cottage Grove "surfacing track;" that is, filling the dirt and gravel between the ties, and dressing up the surface. The gravel used was brought by a train of flat cars in charge of a conductor and the usual train hands. It was the duty of the men engaged in "surfacing" to get upon the cars, when the gravel train came up, and shovel off the gravel. The men engaged in "surfacing" were not otherwise connected with the train. The appellant claims he was injured in the following manner: When the gravel train came up with its load of gravel to the place where he and the others engaged in "surfacing" were at work, the conductor of the gravel train stopped the train, and ordered the appellant and the men working with him to get on the train for the purpose of being taken to the place where the gravel was to be unloaded, and then unload the same; that while he was engaged in getting on the train, and before he had time to do so, the conductor carelessly and negligently started the train without warning, and he was thrown upon the track and injured.

Upon the trial there was conflicting evidence as to how the injury occurred, and the weight of the evidence would seem to show that the appellant was injured by attempting to get on the train while it was in motion, without being ordered to do so by any one in charge thereof. There is perhaps some evidence tending to prove the appellant's version of the matter; and, as the learned circuit judge ordered a nonsuit, we must, upon this appeal, consider the case in the light of the appellant's version of the cause of his injury. Taking it for granted that the conductor of the gravel train

stopped the same, and directed the appellant and the other men whose duty it was to unload the gravel to get upon the train for that purpose, and that while the appellant was obeying such order, and before he had time to do so, the conductor negligently and carelessly started the train without giving proper warning, and thereby the appellant was injured, was it error on the part of the circuit judge to order a nonsuit?

The answer to this question depends upon the other question, whether the conductor of the train and the appellant were co-employees of the respondent in the business then in hand, within the meaning of the law which relieves the respondent from liability to answer in damages for an injury to its servant or employee, while in its employment, which results solely from the carelessness or negligence of another employee. The answer to this question would not be free from difficulty if we were called upon to determine it upon the authority of the decisions of the courts of other states; but as this question has received the consideration of this court in several decided cases, the authority of which we are bound to respect, and which we think are fully supported by at least a preponderance of the authority, we feel no hesitancy in holding that the nonsuit was properly ordered in this case.

The distinction which some of the courts have made in favor of the employee, who by the nature of his employment is under the orders or directions of some other employee as to the way or manner in which he shall perform his part of the common work in hand, and holding that employees having such relations to each other are not co-employees within the meaning of the law above stated, and that the principal is liable for an injury resulting to the subject employee through the negligence of the employee having the power to direct his movements and acts, is not sustained by the weight of authority outside of this state, and has not been adopted by this court.

· This court· held in the case of *Chamberlain v. M. & M. R. R. Co.*, 7 Wis., 425, that a brakeman could not recover for an injury caused by the negligence of the engineer on the same train. This case came before this court again in 11 Wis., 238, and it was there held that the plaintiff, acting as brakeman, could recover of the company for an injury caused by the negligence of the engineer on the same train. The present chief justice gave no opinion in that case on that point.

In *Moseley v. Chamberlain*, 18 Wis., 700, Chief Justice Dixon receded from his position taken in the case of *Chamberlain v. M. & M. R. R. Co.*, *supra;* he and the present chief justice holding that "one employee could not recover· from his employer for an injury occasioned by the negligence of another employee engaged in the same business." The person injured in this case was a baggageman, acting at · the time as brakeman, and was fatally injured while setting the brake by the sudden and unexpected stopping of the train. The late learned Justice PAINE adhered to his opinion in the case of *Chamberlain v. M. & M. R. R. Co.*, *supra.* In *Cooper v. M. & P. du C. R'y Co.*, 23 Wis., 668, this court held that a brakeman could not recover for an injury caused by the negligent removal of the rails of the track by the other servants of the company not in any way connected with the running of the train, and their failure to give proper notice to the coming train. In this case Justice PAINE conceded that the weight of authority was against his ruling in the case of *Chamberlain v. M. & M. R. R. Co.*, *supra*, but suggested that in the case then under consideration the action should be maintained, because the negligence which caused the injury was the negligence of a servant employed in a different department of the service, and for that reason the person injured should not be deemed a fellow-servant with those whose negligence caused the injury. The majority of the court held otherwise.

In *Brabbits v. C. & N. W. R'y Co.*, 38 Wis., 289, 297, Justice LYON, in delivering the opinion of the court, says: "It is now too well settled to admit of controversy that a master is not liable to his servant for injuries caused by the negligence of a fellow-servant in the same general employment or business. It is just as well settled that under certain circumstances the whole power and authority of the master is vested in an employee or servant, in which case the negligence of such employee is the negligence of the master." This case points out the exception to the general rule first above stated. Further along in the opinion it is said: "We think the question whether the defendant is liable for the consequences of the negligence of the foreman must be determined upon an entirely different principle. The defendant owed certain duties to the plaintiff. Among these was the duty to keep the engine used to propel the train upon which the plaintiff was employed in proper repair. If such engine became out of repair and unsafe to the plaintiff, it became the duty of the defendant, on notice of the fact, to cause it to be repaired, or at least to cease using until repaired." After stating that the defendant had made it the duty of the foreman of certain of its shops to see that the engines were kept in repair, upon receiving notice that they were out of repair, it is said: "Surely the safety of servants and employees require us to hold that the agent or employee whom the defendant has charged with the duty of repairing its engines, or causing them to be repaired on notice to him that they are out of repair, represents the defendant, and that his negligence in that behalf is the negligence of the defendant. This necessarily results from the fact that the duty with which the agent or employee is thus charged is a duty which the defendant owes to its employees. It would be monstrous to allow the defendant to relieve itself from all liability for a breach of that duty by simply charging one of its inferior officers or servants with

its performance." The cases of *Wedgwood v. C. & N. W. R'y Co.*, 41 Wis., 478, and 44 Wis., 44; *Stetler v. C. & N. W. R'y Co.*, 46 Wis., 497; 49 Wis., 609; *Shultz v. C., M. & St. P. R'y Co.*, 40 Wis., 589; 48 Wis., 375; *Thompson v. Hermann*, 47 Wis., 602; and *Bessex v. C. & N. W. R'y Co.*, 45 Wis., 477, all are illustrations of the exceptions to the general rule stated in the case of *Brabbits v. C. & N. W. R'y Co.*, *supra*.

In the case of *Bessex v. C. & N. W. R'y Co.* it was held that the company owed its employees the duty of providing a suitable place for doing their work, and that the neglect of the employee of the company, whose duty it was to see that the place where its employees were required to do their work was kept in a suitably safe condition, was the neglect of the company, for which it was liable to an employee who was injured by such neglect.

It will be seen that these cases all go upon the ground that the company owes an absolute duty to its employees to furnish them with reasonably suitable and safe machinery and other appliances with which they are required to do their work, or with which they may come in contact while doing their work, as well as a reasonably suitable and safe place for doing the same, and this duty being one which the company is bound to perform, it cannot be excused from its performance by intrusting it to an employee or officer who may neglect to perform such duty. The duty to see to its performance rests upon the company, notwithstanding it has appointed a suitable person or persons whose duty to the company is to see that such duty is performed. It is a duty that cannot be evaded by the appointment of a suitable agent to perform the same. The duty of performance rests upon the company, as much after the appointment of such agent as it did before, and the neglect of the agent is therefore attributed to the principal.

There is no case that holds that a corporation or other

master owes a duty to its employees that the machinery or appliances which it uses in the performance of its work shall be so used as to do no injury to them. In that respect the duty of the master or principal is that he must use ordinary care in selecting men who are competent to work and manage such machinery and appliances, and he does not guaranty his employees that the men so employed by him will in all cases use the utmost care in working and managing the same. This is undoubtedly the common law rule, and is the rule which this court adopted previous to the enactment of ch. 173, Laws of 1875 (sec. 1816, R. S. 1878), and which has been adhered to by this court since the repeal of that act by ch. 232, Laws of 1880. *Stetler v. C. & N. W. R'y Co.*, 46 Wis., 497–504; *Howland v. M., L. S. & W. R'y Co.*, 54 Wis., 226; *Dwyer v. Am. Exp. Co.*, 55 Wis., 453; *Hoth v. Peters*, id., 405. The last case cited, it seems to me, is quite decisive of this case. In that case the plaintiff sought to recover for an injury which he alleged was the result of his obedience to an order of the foreman in the defendant's yard, the giving of which order was a careless or negligent act. Justice CASSODAY distinguishes this case from *Brabbits v. C. & N. W. R'y Co.*, and the other cases of a like nature above cited. He says: "We do not think the facts stated bring the case within the rule where the whole power and authority of the master are invested in the employee or servant who gives the order, as held in *Brabbits v. C. & N. W. R'y Co.*" And after citing and quoting from the case of *State v. Malster*, 57 Md., 287, he further says: "We are clearly of the opinion that the facts stated did not make the foreman in question a vice-principal of the defendants, within the established rule."

The cases above cited in this court clearly establish the rule that an employee cannot recover of his principal or employer for an injury caused by the negligence of another employee engaged in the same business; and the fact that the negligent employee has the power to direct and order

the acts and movements of the one injured does not take the case out of such general rule.

In this case, taking the statement of the evidence most favorable to the appellant, and it shows that he and the conductor of the train upon whom he charges the negligence were employed in the same business at the time the injury was received. The work to be done at the time was unloading the gravel cars. It was, as the evidence shows, the duty of the appellant, with others, to get on the cars and ride to the place of unloading, and then unload the same, and it was the duty of the conductor to stop the train and permit them to get on board for such purpose. He stopped the train for that purpose, and his carelessness in starting up too quick was the carelessness complained of by the appellant. Unless we disregard all that has been said upon this question by this court, we must hold that the appellant and the conductor on the gravel train were, at the time the injury was received, co-employees engaged in the same business, and the negligence of the one, which causes an injury to the other, cannot render the common master or employer liable for such injury.

There is no pretense in the evidence in this case that the employer was guilty of any negligence in employing a careless or incompetent conductor, or in retaining him in its service after having knowledge of his incompetency or carelessness. We refer to the brief of the learned counsel for the respondent for a collection of a large number of cases in other courts sustaining the rule adopted by this court in this case.

*By the Court.*— The judgment of the circuit court is affirmed.