RANDLE ET AL., APPELLANTS V. PACIFIC RAILROAD.

1. **Nuisance**: RAILROAD; NEGLIGENCE. Where a railroad track is built in a public street, the escape of soot, smoke and smells from the locomotives, the obstructions of the street with cars, and the jarring of the earth and neighboring buildings by passing trains, to the inconvenience, discomfort and danger of adjoining proprietors, do not, in law, constitute a nuisance, if the charter of the company authorizes the laying of the track, unless the road is negligently or unskillfully built or operated.

2. **The Burden of Proof** of such negligence or want of skill is upon the party complaining.

3. **Practice in the Supreme Court**: The fact that the trial court, after refusing to non-suit the plaintiff, at the instance of defendant instructed the jury for nominal damages, in consequence of which there was a verdict and judgment against defendant for one cent from which he took no appeal, does not, on appeal by the plaintiff, preclude the defendant from asserting, against the efforts of the plaintiffs to set the same aside, that they are not wronged thereby, but on the contrary have obtained more than in strictness they were entitled to, and that on the pleadings and evidence they were really entitled to nothing.

*Appeal from St. Louis Circuit Court.*

The case was tried, at special term, before HON. CHESTER H. KRUM, one of the judges.

*Hitchcock, Lubke & Player* for appellants.

We deny the right of respondent to treat the cause in this court, to which it has been brought by appellant alone, on exceptions, few and distinct, and which were taken

only by appellant, as if respondent had taken that appeal and had properly preserved exceptions. No question ought to be or ever is considered by this court, unless such question arise upon errors manifest in the record, and upon exceptions properly taken by the party who attempts to complain here of such errors. *Swearingen v. Newman*, 4 Mo. 456; *Cook v. Davis*, Id. 622; *Fuggle v. Hobbs*, 42 Mo. 537. Respondent took no appeal, and saved no exception to the refusal of the circuit court to nonsuit the plaintiffs, on the contrary, having failed in that effort, respondent sought and obtained from the circuit court an instruction which expressly recognized a right of action in the plaintiff, but compelled the jury to disregard any and all evidence before it which the jury might have considered sufficient for some amount of damages, and restricted them expressly to the nominal damages.

The question of the lawfulness or unlawfulness of the defendant's railroad track on Poplar street, was not passed on in such a manner as to be the subject of an exception at the trial by either party; that question, therefore, is not a question now before this court.

Respondent's brief erroneously assumes:

1. That this was simply an action on the case for the negligent management by the defendant of its railroad, instead of being, as it really is, an action for damages for maintaining a public nuisance.

2. That the burden of proof rested upon the plaintiffs to show that defendant did negligently and carelessly use its road, so as to produce the injury complained of. See *Fitch v. Pacific R. R.*, 45 Mo. 325; *Bedford v. Hann. & St. Joe. R. R.*, 46 Mo. 458. We insist that the verdict of the jury, *a fortiori* when it is based upon an instruction asked by the defendant itself, and in the absence of any motion for a new trial, or attempt to set aside that verdict, is conclusive in this court of the existence of a cause of action such as set out in the petition. If so, it is not for this court to inquire—especially in favor of a party who does

not appear here even as complaining of that verdict—where was the burden of proof; or whether there was evidence of negligence, or whether the question was merely a question of negligence, or was the very different question of the existence of a public nuisance attended with special private damage to the plaintiffs. This is not an action on the case for negligence merely. It is expressly and distinctly an action on the case by individuals for special damages sustained by them, by reason of a public nuisance maintained by the defendant. The petition specifies several distinct grievances, which together, constituted the nuisance, and then charges in express terms, as follows: "Plaintiffs further state that by the acts of defendant aforesaid, the defendant did create and maintain upon said street, contiguous to the premises of plaintiff, a dangerous and insufferable nuisance, whereby plaintiffs were greatly damaged."

It cannot be contended for a moment, that the annoyances specified in the petition, assuming them as proved to exist, did not amount to a public nuisance. Nor can it be denied, that there was abundant proof, not only to submit to the jury the question whether there was such a nuisance, but to completely justify their verdict that there was one. *Whalen v. Keith*, 35 Mo. 87; *Hayden v. Tucker*, 37 Mo. 221.

In addition to the foregoing points, appellants' counsel filed an elaborate brief assigning for error the action of the circuit court:

1. In excluding evidence offered, and ruling out questions to witnesses proposed by appellants, with reference to the amount of injury sustained by appellants from the nuisance complained of.

2. In giving to the jury, on defendant's motion, an instruction that appellants could not recover any except nominal damages.

The court having decided the case without reference to these grounds, the points presented are omitted.

*J. N. Litton* for respondent.

I.   The 'right to build and operate this road on this street with locomotives and steam power, (which is conceded,) of itself exempts defendant from responsibility to plaintiffs for all damages that result from the careful and prudent operation of its trains.   All such injuries are *damnum absque injuria.*   See 33 Mo. 128, *Porter v. North Missouri R. R. Co.;* 12 Mo. 420, (Houck's Ed.) p. 272, *City of St. Louis v. Gurno;* 103 Mass. 6, *Presbrey v. Old Colony R. R.;* 103 Mass. 14, 15, *Walker v. Old Colony R. R.;* 21 Ill. 522, *Moses v. P. Ft. W. C. R. R. Co.;* 33 Penns. St. 181, *New York and Erie R. R. v. Young;* 35 Maine 323, *Rogers v. Kennebec R. R. Co.;* 29 Iowa 152, *Slattem v. Des Moines R. R.;* 73 Penns. St., 29 *Danville, &c., R. R. v. Commonwealth;* 9 Dana 289, *Lex. and Ohio R. R. v. Applegate.* And other authorities cited under next point and in the argument.   Same principle see:   55 Mo. 119, *Imler v. Springfield;* 53 Mo. 162, *Schattner v. City of Kansas;* 4 N. Y. 195, *Radcliff's Ex. v. Mayor of Brooklyn;* 15 La. Ann. 559, *Barbin v. Police Jury;* 14 La. Ann. 120, *Bennett v. City of New Orleans.*   That among such damages, for which no recovery can be had, are the noise and vibration caused by passing trains and the smoke from the locomotives.   10 Kansas Rep. 566, *A. & N. R. R. Co. v. Garside;* 10 Ohio St. 624, *Parrott v. Cin., Ham. & D. R. R.;* 103 Mass. 14, *Walker v. Old Colony R. R. Co.;* House of Lord's Cases, (Vol. 4,) Law Reports, 1869, 1870, p. 202, *Brand v. Hammersmith, &c., R. R. Co.;* 29 Eng. Law and Eq., p. 22, *Calidonian Rwy. Co. v. Ogilvy;* 56 Penns. St. 334, *Cleveland, &c., R. R. Co. v. Speer;* 1 Redfield on Railways (3rd Ed.) 293, § 74, 9 ; 12 Mo. 420, *City of St. Louis v. Gurno;* 21 Ill. 522, *Moses v. P. Ft. W. C. R. Co.;* 4 Harrington 253, *Burton v. R. R. Co.;* 16 Barb. N. Y. 106, *Troy & Boston R. R. v. Northern Turnpike Co.;* 60 Maine 290, *Bangor v. Pisc. R. R. Co.*

II.   The defendant is only liable for *negligence* in the management of its train.

III.   There can be no recovery on the ground of negligence, because there is no allegation in the petition to sustain such proof.

IV.   There was no proof of negligence.

V.   If there had been any proof of negligence, defendant thereby became liable only for the direct and proximate consequences of *that negligence*, and did not by occasional acts of negligence become liable, not only for the consequences of those acts, but also for the consequences of the most careful and prudent operation of its trains.

VI.   The burden of proof is upon the plaintiffs to separate the consequences of the *illegal* use of the road, from those arising from the legal use—and if they fail to so separate them, or to present facts which enable the jury to do it with at least a reasonable degree of accuracy, they can only recover nominal damages.

VII.   The plaintiffs in this case failed to do so, therefore the instruction given by the court as to the measure of damages was correct.

VIII.   It is not true that we are, as claimed by appellants, concluded by our request of the court to declare that: "The court instructs the jury that under the evidence the plaintiff is not entitled to recover *more* than nominal damages," from urging in this court that there was no evidence that the plaintiff was entitled to recover anything. This instruction still left it to the jury to determine whether the verdict should not be for defendant.   Still less is it true that we are concluded from urging that the instruction was given on account of *some occasional act* of negligence, and was not a ruling of the court that every train that ran over the road for two years, was negligently managed, and that if the road had been carefully managed, no inconvenience would have been experienced by the guests in plaintiff's hotel.   Certainly upon an appeal by plaintiffs from a judgment in their favor, on the ground that the judgment was too small, the defendant in its efforts to show that the verdict was not too small, is not estopped from showing

that the verdict rendered is larger than it should have been, although it may not claim *affirmative relief*.

IX.   A plaintiff cannot by his proof make out a *different* cause of action from that set out in his petition.   10 Mo. 406, *Merle v. Hascall;* 44 Mo. 313, *Murphy v. Wilson;* 39 Mo. 287, *Jones v. Louderman*.   Therefore he cannot recover by proving *negligence* and *carelessness* in the *management* of trains, when no such negligence is charged in the petition.

X.   The petition was founded on the theory that this railroad was *a nuisance because it was not authorized by law*. The theory advanced in this court is that a railroad, *although* authorized by law, is *per se* a nuisance.   This is plainly untenable.   See, in addition to authorities already cited, Wood on Nuisances 782, §746 ; 8 Fla. 332, *Geiger v. Filor*.   What has been authorized by law, cannot be (in law) a nuisance.   10 Ohio St., 624, *Parrott v. C. H. & D. R. R.*

Hough, J.—This was an action on the case for special damages alleged to have been sustained by the plaintiffs by reason of a public nuisance charged to have been levied by the defendant.

On the 5th day of July, 1872, the plaintiffs became lessees and proprietors of a hotel, located at the northeast corner of Seventh and Poplar streets, in the city of St. Louis, and known as the " Clarendon Hotel."   Previous to 1870, defendant's eastern depot in the city of St. Louis was located on the west side of Seventh street, immediately south of Poplar, defendant's track terminating previous to 1870 at that depot.   After 1870 and during that year particularly, the defendant laid a track eastwardly upon and along Poplar street down to the levee, a distance of about seven blocks.   The hotel building of the plaintiffs is built along Seventh street for its front, and along Poplar street for its depth.   In their petition the plaintiffs alleged that the laying of this track by defendant along and upon Poplar street was unlawful and without authority ; that

after the laying of such track upon said Poplar street, defendant immediately began to use such track, and continually up to the commencement of this action did use such track by running thereon heavy trains of cars and engines, and using engines in propelling such trains, whereby defendant did make and create obnoxious soot, smoke and smell, and rendered the occupation of plaintiffs' hotel premises greatly uncomfortable; that the running of such trains, which was done with great force and violence, did cause the ground under and around said hotel of the plaintiffs to vibrate and to so shake and move said building that the occupation thereof became dangerous to plaintiffs and their guests in said hotel; that defendant did, during said period of time, allow trains to stand upon this track, thereby obstructing said Poplar street and incommoding the plaintiffs' use thereof; that all these acts of defendant made and created such use of said Poplar street, by defendant, a dangerous and insufferable nuisance; that plaintiffs by reason of the premises lost a large number of guests, and were prevented from earning large profits in their said hotel business, to their entire damage in the sum of twelve thousand dollars.

Defendant's answer was a general denial of the allegations of the petition; then a plea of defendant's charter privileges, as contained in the act incorporating the Pacific Railroad, approved March 12, 1849, and amended March 1, 1851 and February 18, 1864; then an averment that this extension of defendant's track over Poplar street was a necessary spur or switch, and that such track and the use thereof by defendant had begun before plaintiffs became proprietors of the hotel in question.

These allegations of the answer were all put in issue by plaintiffs' reply. The cause was tried by the intervention of a jury. Testimony was adduced by the plaintiffs tending to support the allegations of their petition, as to the inconvenience, discomfort and loss suffered by them from the operation of the road. Defendant offered no tes-

timony, but at the close of the plaintiffs' evidence offered
an instruction to non-suit plaintiffs, which instruction was
refused by the court. Defendant then offered the follow-
ing instruction, which the court gave and plaintiffs excepted:
" The court instructs the jury that under the evidence, the
plaintiffs are not entitled to recover more than nominal dam-
ages." No other instructions were asked or given. The jury
gave plaintiffs a verdict for one cent. Plaintiffs in due time
filed a motion for a new trial, assigning as error, that the
court upon the trial of the cause excluded competent and
relevant testimony offered by plaintiffs; that the court erred
in giving instruction as to the measure of damages, and
that the court erred in its rulings as to the damages which
it was competent for the plaintiffs to prove in this case.
This motion was overruled by the court, and plaintiffs ex-
cepted to such ruling, tendered their bill of exceptions,
which was signed, and took the case by appeal to the gen-
eral term of the St. Louis Circuit Court, where the judg-
ment of the court at special term was affirmed. Plaintiffs
again excepted and have brought the case here by appeal.

It will be observed that the petition proceeded upon the
theory that the defendant had constructed its track on
Poplar street without any lawful authority whatsoever.
The action was for a nuisance created by malfeasance,
and not for a nuisance resulting from misfeasance. It was
stated by plaintiffs' counsel at the argument of this cause,
that for the purposes of this appeal the right of the de-
fendant to construct and operate its road on Poplar street
might be assumed by the court. This admission, we think,
disposes of the case. It being conceded that the defendant
had authority to construct and operate its road on Poplar
street, it could not be chargeable with thereby levying a
nuisance, unless it had either constructed or operated its
road in an unlawful manner. A railroad track laid upon
the street of a city by authority of law, properly con-
structed and operated in a skillful and careful manner, is
not, in law, a nuisance. *Danville R. R. Co. v. Common-*

*wealth,* 73 Penn. 38. "It is a legal solecism to call that a public nuisance which is maintained by public authority." *Harris v. Thompson,* 9 Barb. 350. There was no allegation in the petition, nor was there any proof that the defendant's road was improperly built or carelessly used.

Plaintiffs contend, however, on the authority of *Fitch v. P. R. R. Co.,* 45 Mo. 322, that when they have established the injuries complained of, the burden of proof is upon the defendant to show that such injuries are the necessary and unavoidable consequences of the lawful operation of the road. That was a case where sparks from the defendant's engine set fire to and burned plaintiff's cornfields and fences. The court there took judicial notice of the fact that if an engine were properly constructed and prudently used, it would not scatter fire along the track, and held that when fire was so scattered, the jury would be warranted in inferring that there had been some neglect, and that to rebut such reasonable inference, the defendant should show that the best machinery and contrivances were used to prevent such a result, and that careful and competent servants were employed. That case is put upon peculiar grounds, and is an exception to the general rule, that he who avers negligence must prove it. Wharton's Evidence, section 360. We certainly cannot be expected to take judicial notice that a steam locomotive may be operated without creating "soot, smoke and smell," or that a train of cars, even when carefully propelled, thereby will not cause the ground to vibrate or shake adjacent buildings. The very opposite might more appropriately be expected of us. But neither the Fitch case nor any other case which has come under our observation, will authorize a party who seeks to recover damages for the doing of a lawful thing in an unlawful manner to recover without either averring or proving such misfeasance. In the Fitch case negligence was expressly averred. In the case at bar misfeasance was neither alleged nor proved.

It is insisted, however, that as the verdict of the jury

for nominal damages was based upon an instruction asked by the defendant itself, and there was no motion by it for a new trial, or in arrest, the defendant cannot now be heard to question its correctness, and such verdict is conclusive in this court of the existence of a cause of action such as was set out in the petition, and this point being thus established, that the only question which this court can now consider is whether the measure of damages was properly declared. This position has been forced upon our consideration with much ingenuity and great persistency, but it is, in our opinion, utterly untenable. The verdict of the jury is for many purposes undoubtedly conclusive. The defendant cannot avoid it, and indeed does not seek to avoid it. But on an appeal by the plaintiff to set the same aside, it does not preclude this court from an examination of the whole case presented here, in order to ascertain whether the plaintiffs have been injured by that verdict. Nor does it pleclude the defendant from asserting against the efforts of the plaintiffs to set the same aside, that they are not wronged thereby, but on the contrary have obtained more than in strictness they were entitled to, and that on the pleadings and evidence they were really entitled to nothing. We perceive no sufficient reason for disturbing the verdict, and the judgment of the circuit court at general and special term will therefore be affirmed. Judges SHERWOOD and NAPTON concur. Judges NORTON and HENRY not sitting.

AFFIRMED.