HOWLAND vs. THE MILWAUKEE, LAKE SHORE AND WESTERN RAILWAY COMPANY.

*January 13 — February 7, 1882.*

RAILROADS: NEGLIGENCE. *Known perils of employment: Negligence of fellow-servant.*

> Plaintiff, while going as a shoveler of snow for the defendant company upon a train engaged in the business of removing snow from the track, was injured by the overturning of the car in which he rode, by reason of an unsuccessful attempt of the conductor to remove a snow-bank from the track by means of the snow-plow alone, aided by the momentum of the train. *Held*, upon all the facts set out in the complaint, that a recovery by plaintiff is precluded by the facts that such overturning of his car was one of the perils of the business which he assumed, and that the conductor and others whose negligence is alleged, were fellow-servants in the same employment.

APPEAL from the Circuit Court for *Milwaukee* County. Action for injuries to plaintiff's person, alleged to have resulted from defendant's gross negligence. The defendant appealed from an order overruling its general demurrer to the

complaint. The substance of the complaint is stated in the opinion.

For the appellant there was a brief by *Cottrill, Cary & Hanson*, and oral argument by *Mr. Hanson* and *Mr. Cottrill*.

*Geo. B. Goodwin*, for the respondent:

1. Where two employees of a company are in a different line of employment, and one is injured by the negligence of the other, the company is liable. A carpenter employed to work about the cars is not a fellow-servant of the engineer. *Pyne v. Railroad Co.*, 54 Iowa, 223. Where a carpenter was employed to build a bridge, and took passes to get to his work in loading timber, and was injured, the company was held liable. *Gillenwater v. Railroad Co.*, 5 Ind., 340; *Fitzpatrick v. Railroad Co.*, 7 id., 436. A laborer carried on a construction train is not a coëmployee with the conductor. *Lalor v. Railroad Co.*, 52 Ill., 401; *L. & N. Railroad Co. v. Collins*, 2 Duv. (Ky.), 114; *Railroad Co. v. Fort*, 17 Wall., 553. Plaintiff had a right to obey the order of the conductor. The latter held a superior and commanding position. *Bradley v. Railroad Co.*, 62 N. Y., 99; *Louisville & N. Railroad Co. v. Bowler*, 9 Heisk., 66; *L. M. Railroad Co. v. Stevens*, 20 Ohio, 415; *C., C. & C. Railroad Co. v. Keary*, 3 Ohio St., 201; *Berea Stone Co. v. Kraft*, 31 id., 287, 292; *M'Naughtons v. Railroad Co.*, 28 L. T. Rep. (N. S.), 376; *O'Donnell v. Railroad Co.*, 59 Pa. St., 239; Whart. on Neg. (2d ed.), sec. 229, note 4. A subordinate servant injured by the negligence of a servant of superior grade can recover. *Haynes v. E. Tenn. & Ga. Railroad*, 3 Cold., 222; *Booth v. B. & A. Railroad Co.*, 73 N. Y., 38; *Flike v. Railroad Co.*, 53 id., 549; *Ryan v. Railway Co.*, 60 Ill., 171; *T., W. & W. Railway Co. v. O'Connor*, 77 id., 391; *C. & N. W. Railway Co. v. Moranda*, 93 id., 302; *C. & N. W. Railway Co. v. Bayfield*, 37 Mich., 205. 2. The plaintiff had no reason, from the character of his employment, to believe that the train taking him to his place of employment would be used as a snow-plow, or would

be forced into a snow-bank.  He had a right to expect as safe a carriage to his place of employment as a passenger would have. Whart. on Neg. (2d ed.), § 206; *Mann v. Print Works*, 11 R. I., 152.  The conductor stood for the company, and his gross negligence, forcing the plaintiff into a danger not incident to his employment, renders the company liable.  *N. P. Railroad Co. v. Little*, 6 Rep., 199; *Schultz v. C., M. & St. P. Railway Co.*, 48 Wis., 381.

ORTON, J.  The following appears to be a reasonable interpretation of the complaint, having reference to what is briefly expressed and clearly implied in its very imperfect statement of the facts:  The defendant's train, with the conductor and others in charge of it, was at the time engaged in the business of clearing the railroad track from accumulations of snow upon it, and for that purpose the train was furnished with the usual appliances, including a snow-plow.  The plaintiff, with several others, was employed to go upon and with the train to use shovels in assisting to remove snow from the track at a place or places near the village of Humboldt, where their services might be needed.  It is not unreasonable to assume, from common experience and the usual conduct of such business, that the plaintiff and the other servants of the company employed to use the shovel were to perform such service in connection with the snow-plow and other appliances on the train, and were to use their shovels in removing any snow-banks from the track which could not be readily removed by the snow-plow; and, if the snow-plow could readily run through the bank, those employed were to remain on board the train until they should come to a place where their services with the shovel should be required.  It may also be assumed that it could not always be ascertained beforehand whether any particular bank of snow could be readily or safely removed by the plow, without a trial and an attempt to do so.  There is no allegation in the complaint that there was anything in the appearance of the par-

ticular bank of snow where this accident happened, to indicate beforehand that it would be dangerous to attempt to remove it in this way; although there is an averment that the "train was, with great force, and in a grossly careless and negligent manner, forced into said large bank of snow, thereby causing the car . . . to be violently thrown over," etc. When the first considerable bank was reached on this expedition, the conductor, after commanding the plaintiff and the other shovelers to stay aboard of the train, caused the train to be drawn back quite a distance to get a good start and sufficient impetus, and then to be propelled into the bank with great force, in order to clear it from the track, but in doing so the car in which the plaintiff and the other shovelers were, and probably the forward end of the train also, were turned over, and the plaintiff greatly injured. From this complaint, so construed — and we think this construction a reasonable one — the following inferences may be reasonably drawn, which constitute sufficient reasons in the law why the plaintiff is not entitled to recover: *First*. The plaintiff and the others employed to shovel snow, and the conductor and others in the charge and management of the train and snow-plow, were engaged in the same business of clearing off the snow which obstructed the railroad, and in such business they were coëmployees and fellow-servants. *Second*. The train, snow-plow and shovels were the means and appliances to be used in this general business. *Third*. The turning over the train in attempting to pass through a bank of snow with the snow-plow, was one of the perils of the business, and a risk which all those engaged in the business and employment assumed. *Fourth*. If there was any culpable negligence by any one engaged in the running of the train or snow-plow, it was the negligence of a fellow-servant with the plaintiff, for which he cannot recover.

The authorities sustaining these positions are so numerous that only a few need be cited. In a very recent case in this court, *Naylor v. C. & N. W. Railway Co.*, 53 Wis., 661, it

was held that the railway company was not liable for the injury of the plaintiff from the falling down of an embankment upon him where he was shoveling gravel upon a gravel train, by the alleged negligence of the conductor of the train, on the ground that his injury was one of the hazards of his employment. The case of *Sullivan v. India Manuf'g Co.*, 113 Mass., 396, is cited in that case, in which DEVENS, J., uses the following language, much in point: "Having consented to serve in the way and manner in which the business was being conducted, he has no proper ground of complaint, even if reasonable precautions had been neglected." The following cases are also cited: *Ladd v. Railroad Co.*, 119 Mass., 412; *Clark v. Railroad Co.*, 2 Am. & Eng. R. R. Cas., 240. The following authorities are to the same effect: *Fraser, Law of M. & S.*, 210; *Morgan v. V. of N. Railway Co.*, L. R., 1 Q. B., 148; *Lovell v. Howell*, L. R., 1 C. P. Div., 161; *Moak's Underhill on Torts*, 52; *Steffen v. Railway Co.*, 46 Wis., 259; *Smith v. Railway Co.*, 42 id., 526; *Flannagan v. Railway Co.*, 50 id., 462. In connection with the risks and hazards of the common business, the plaintiff's being a fellow-servant and coëmployee with the conductor and others in charge of the train prevents his recovery. *Feltham v. England*, L. R., 2 Q. B., 33; *Tunney v. Midland Railway Co.*, L. R., 1 C. P., 291; *Seaver v. Boston & Me. Railroad*, 14 Gray, 466; *C. & A. Railroad Co. v. Murphy*, 53 Ill., 336; *Chamberlain v. Railroad Co.*, 7 Wis., 425; *Moseley v. Chamberlain*, 18 Wis., 700; *Cooper v. Railway Co.*, 23 Wis., 668; *Stetler v. Railway Co.*, 46 Wis., 498; *Brabbits v. Railway Co.*, 38 Wis., 289.

The law in respect to the assumed hazards of the employment and the negligence of a fellow-servant is so well settled as to be almost elementary, and it is useless to cite other authorities than those found in the brief of the learned counsel of the appellant, which are so clearly in point. It is presumed that the learned counsel of the respondent would not contend that the plaintiff could recover upon this interpretation of the

complaint, as upon the argument it was insisted that the train and the conductor were not engaged in the business of clearing the track from snow, and that no snow-plow was used, and that the conductor and the plaintiff were not engaged in the same business. But, as we think the facts above stated are clearly implied by what is expressly stated in the complaint, the law of the case against the plaintiff's recovery is unquestionable.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.