TONER, by guardian, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*October 13, 1886 — June 22, 1887.*

MASTER AND SERVANT: *Negligence of fellow-servant: Railroad company's liability to employee.*

1. An unattached freight car, left at night on a level side track near a railroad station, was in some manner moved upon the main track, obstructing it, and in a collision with a passing train caused thereby a brakeman on the train was injured. The evidence showed that the freight car when last seen had its brakes properly set; that a train passed safely about one hour and a quarter before the accident; that the night was dark and stormy, a violent thunder storm prevailing, attended by a very high wind, and from these and other facts the only reasonable inference was that such car was driven upon the main track by the wind. *Held,* that a finding by the jury that the station agent might, with reasonable diligence, have discovered the obstruction in time to avert the collision, was not warranted.

2. Though, by the rules of a railroad company, its station agent is held responsible for the safety of the switches, and is expressly required to see that the main track is kept clear and unobstructed for the passage of trains, and to be out at the station and know that everything is right when trains are passing, yet such agent is a "fellow-servant" of a brakeman on a train of the company passing his station, and unless such agent is shown to be incompetent or inattentive to his business to the knowledge of the company, it is not liable to such brakeman for injuries from a collision near such station caused by the negligence of the agent.

ORTON and TAYLOR, JJ., dissent.

APPEAL from the County Court of *Milwaukee* County. The case is sufficiently stated in the opinion. The defendant appeals from a judgment against it, a motion for a new trial having been denied.

*John W. Cary,* attorney, and *H. H. Field,* of counsel, contended, among other things, that no express notice to the station agent of the obstruction was proved and none can be presumed. Nor was there proof of negligence on his

Toner, by guardian, vs. Chicago, Milwaukee & St. Paul R. Co.

part. The burden of proof of both was on the plaintiff. *Klatt v. Milwaukee*, 53 Wis. 196; *Goodnough v. Oshkosh*, 24 id. 549; *Bailey v. Spring Lake*, 61 id. 227, 230; *Jones v. C. & N. W. R. Co.* 49 id. 352; *Hobbs v. Stauer*, 62 id. 108, 111; *Warner v. Erie R. Co.* 39 N. Y. 468, 475; *McPadden v. N. Y. C. R. Co.* 44 id. 478; *C. & A. R. Co. v. Platt*, 89 Ill· 141; Shearman & Redfield on Negl. sec. 99; Wood's Master & Servant, secs. 368, 382; 2 Thompson on Negl. 1053, sec. 48; Pierce on R. R. 373; 3 Wood's Ry. Law, 1492, sec. 373. The negligence, if any, was that of a fellow-servant of the plaintiff, for which the company is not liable, *Moseley v. Chamberlain*, 18 Wis. 700; *Cooper v. Mil. & P. du C. R. Co.* 23 id. 668; *Naylor v. C. & N. W. R. Co.* 53 id. 661; *Howland v. M., L. S. & W. R. Co.* 54 id. 226; *Hoth v. Peters*, 55 id. 405; *Dwyer v. Am. Exp. Co.* id. 453; *Schadewald v. M., L. S. & W. R. Co.* id. 569; *Whitwam v. Wis. & Minn. R. Co.* 58 id. 408; *Heine v. C. & N. W. R. Co.* id. 525; *Fowler v. C. & N. W. R. Co.* 61 id. 159; *Pease v. C. & N. W. R. Co.* id. 163; *Mathews v. Case*, id. 491; *Peschel v. C., M. & St. P. R. Co.* 62 id. 338; *Luebke v. C., M. & St. P. R. Co.* 63 id. 91; *Kelley v. Abbot*, id. 307; *Brown v. M. & St. L. R. Co.* 31 Minn. 553; *Howard v. D. & R. G. R. Co.* 26 Fed. Rep. 837; *Harvey v. N. Y. C. & H. R. R. Co.* 88 N. Y. 481.

For the respondent there was a brief by *Dey & Friend*, and oral argument by *C. C. Dey*. Among other things, they contended that the station agent was not the fellow-servant of the plaintiff, but it was his duty to perform acts which the company was imperatively bound to perform for the safety of its employees, and in that respect he represented the company. *Bessex v. C. & N. W. R. Co.* 45 Wis. 482; *Hulehan v. G. B., W. & St. P. R. Co.* 58 id. 319; *Dorsey v. P. & C. Const. Co.* 42 id. 583; *Brabbits v. C. & N. W. R. Co.* 38 id. 297; *Wedgwood v. C. & N. W. R. Co.* 41 id. 478; 44 id. 44; *Stetler v. C. & N. W. R. Co.* 46 id. 497;

49 id. 609; *Smith v. C., M. & St. P. R. Co.* 42 id. 520; *Schultz v. C., M. & St. P. R. Co.* 40 id. 589; 48 id. 375; *Heine v. C. & N. W. R. Co.* 58 id. 525; *N. P. R. Co. v. Herbert,* 116 U. S. 642, 651; *Dupnala v. Thompson,* 26 Minn. 40; *A., T. & S. F. R. R. v. Moore,* 31 Kan. 197; *Lewis v. St. L. & S. M. R. Co.* 59 Mo. 495; *C. & N. W. R. Co. v. Swett,* 45 Ill. 197; *Flike v. B. & A. R. Co.* 53 N. Y. 549; *Ford v. Fitchburg R. Co.* 110 Mass. 240; *Crispin v. Babbit,* 81 N. Y. 516. The question of notice was one peculiarly for the jury. *Langhoff v. M. & P. du C. R. Co.* 19 Wis. 489, 497; *Fowler v. C., M. & St. P. R. Co.* 53 id. 626, 632; *Bohan v. M., L. S. & W. R. Co.* 58 id. 30, 36; Wharton on Negl. (2d ed.) sec. 243.

The following opinion was filed January 11, 1887:

COLE, C. J.    I think the motion for a new trial in this case should have been granted.    The action is for personal injuries sustained by the plaintiff, while in the employ of the defendant as brakeman on a freight train, known as No. 26.    The plaintiff was injured on the night of July 8, 1885, at or near Franksville, a small station nineteen miles south of Milwaukee.    The negligence charged is that the defendant company carelessly allowed its main track to become obstructed by a freight car, against which train No. 26 collided.    The freight car was empty, and, coupled with another car, had been left at the station, in the forenoon of the day of the accident, on a side track to be loaded.    The evidence is positive and entirely uncontradicted that these two cars were left at a suitable place, with the brakes properly set.    In the afternoon the cars were uncoupled, and the north car was run quite a distance north to a hay-press. The other car was left just south of the depot building, and very near to it.    Parsons, the regular station agent, testified that he noticed this car a little after 6 that evening, and that the brakes upon it were set all right, as when it

Toner, by guardian, vs. Chicago, Milwaukee & St. Paul R. Co.

was first left on the side track. The night operator took charge of the station before 7, shortly after Parsons went home for the night. Several trains passed the station during the evening without collision with anything. Train No. 40, being the last one next before 26, passed at 9:23 P. M. No. 26 left Milwaukee, going south, at 9:10, and reached Franksville at 10:46, nearly on time, but made no stop. When about 1,032 feet south of the depot building it came into collision with a freight car, which had moved down the side track to the south switch, and passed partly onto the main track. The grade of the side track was level, and the main track on each side was clear of trees and buildings for some distance north and south. The night, however, was dark and stormy, a violent thunder storm having raged from between 8 and 9 until after the accident, accompanied with a high wind, blowing from the northeast and northwest. There is no ground or reason for presuming that the brakes on the freight car had been tampered with or disturbed while the car was on the side track, or that any human agency moved it down the side track onto the main track. Every rational presumption or probability favors the idea that the violent and unusual wind prevailing had moved the car down the side track, even though the brakes upon it were in order and properly set. To my mind this is the only reasonable supposition one is at liberty to entertain upon all the evidence. And, this being so, it seems to me there is very slight, even if there is any, proof of negligence on the part of any one in not keeping the main track free from obstruction. The storm, the darkness, the extreme fury of the wind, which almost became a hurricane, are matters to be considered in determining the question of negligence.

The agents of the company were certainly bound to be diligent and watchful to keep from and remove any obstructions on the track. But it seems to me there is no ground

for saying they were not exercising a proper degree of care under the circumstances. Surely, if such a furious storm had blown a tree or building upon the track a short time before No. 26 came along, negligence could hardly be predicated upon the mere fact that an obstruction was upon the track undiscovered. It is true, the jury in effect found that the agent in charge of the depot station that night, with the knowledge which he possessed and under the circumstances as they existed at the time, by the exercise of ordinary care, could have discovered the obstruction on the main track, and could have prevented the accident or collision by giving warning to train No. 26. But they also find that this agent did not know that the freight car had gone onto the main track; and I see nothing to charge him with notice of that fact.

It seems to me the first finding has little or no evidence to support it, in the absence of all reliable proof that the car had been upon the main track for a sufficient length of time so that the agent, in the exercise of due care, could or should have known of it. The presumption of negligence cannot be made without some proof tending to support it. Therefore, I think the special verdict on this point is not warranted by the evidence.

But, if I am wrong in this view of the evidence,— if negligence may fairly be imputed to the agent for not discovering the obstruction in time to prevent the collision,— then how does the case stand? By the rules of the company, which were given in evidence, the station agents are held responsible for the safety of the switches; and it is made their express duty to see that the main track is kept clear and unobstructed for the passage of trains. They are required to be out at the station, and know that everything is right when trains are passing. These rules impose diligence, circumspection, attentive care upon the station agents in these matters. Now, if it be assumed that Parsons, the

regular station agent, or Bacon, the night operator, one or both, were guilty of negligence, either for not preventing by some means the freight car from going onto the main track, or in failing to discover that it was there in time to avoid a collision with train No. 26, then it would seem to follow that this negligence was that of a fellow-servant, for which the company is not responsible. It is not claimed that these agents were incompetent in any way, or had shown themselves previously inattentive to the discharge of their duties. It was incumbent upon them to see that the main track was kept clear from all obstructions. The company had made proper rules to guide them as to the performance of this specific duty. But they neglected, we assume, to do their duty in that regard, and, as a consequence, the plaintiff was injured through their default. Such being the case, it seems to me the case falls fully within the many decisions of this court which hold that where an injury is caused to one employee through the negligence of a co-employee, the company is not liable therefor. These cases are cited upon the briefs of counsel, and it is unnecessary to comment upon or discuss them. Suffice it to say that they fully and clearly establish the principle of law above stated.

It is said that the plaintiff was not a fellow-servant of the station agent within the meaning of that rule. But they were both certainly in the employ of the company, and were both engaged in a sense in operating train No. 26. True, the station agent was required to keep the main track free from all obstructions for all trains, as well as train No. 26; but this fact did not render him any the less a fellow-servant of the plaintiff in the work in which both were engaged. They were both fellow-servants within the rule; as much so as they would have been if the station agent had had no other duty to perform but to see that the main track was kept unobstructed for this train No. 26. There

is much diversity of judicial opinion as to who should be regarded as fellow-servants; but it seems to me, under our decisions, the plaintiff and station agent must be held to be fellow-servants. Consequently, the company is not responsible to the plaintiff for the injury, which, if caused by the negligence of any one, must be deemed the negligence of a fellow-servant.

For these reasons I think the judgment of the county court must be reversed, and a new trial awarded.

TAYLOR, J. This action was brought by an employee of the defendant company, for an injury sustained by him by reason of the train, upon which he was employed at the time, running into a freight car which had been driven by the wind in the night-time from the place where it stood, near Franksville, a station on the defendant's road, onto the switch near such station, in such manner as to obstruct the main track of the road. There is no question made that the plaintiff, or those on his train, were negligent, or that their negligence contributed to the accident. But it is claimed, on the part of the learned counsel for the appellant, that there is no evidence showing any carelessness on the part of the company which will justify a verdict against it.

It was shown on the trial that it was the duty of the persons in charge of the station at Franksville to see that the tracks were clear at the time trains were approaching such station. It is argued that, under all the evidence, there is no proof showing that the person or persons in charge of the station were guilty of any negligence in not discovering that the freight car had been blown out of its place onto the main track, so as to obstruct such track at the time the train upon which the plaintiff was employed approached the station. Upon this point, I think, at least a majority of the members of the court are of the opinion that there was sufficient evidence in the case to send that question to the jury.

A majority of the members of the court are, however, of the opinion that if the person in charge of the station was negligent in not having discovered that the car had been driven upon and obstructed the track, so as to endanger the incoming train, such negligence is not the negligence of the company, but of a co-employee of the plaintiff, and so the plaintiff cannot recover in any event. To this ruling I cannot assent. It has been repeatedly held by this court that there are some things which, as between itself and its employees, a railroad company is bound to provide, and that the neglect of those who are employed to provide them is the neglect of the company, as well as the neglect of its agents. One of the things a railroad company is bound to provide for its employees, who are employed to run trains upon its roads, is a reasonably safe track on which to run such trains. It would be a superfluous work to cite authorities to sustain this proposition, and the following by this court are amply sufficient: *Stetler v. C. & N. W. R. Co.* 46 Wis. 499; *S. C.* 49 Wis. 609; *Bessex v. C. & N. W. R. Co.* 45 Wis. 477; *Hulehan v. G. B., W. & St. P. R. Co.* 58 Wis. 319; *Luebke v. C., M. & St. P. R. Co.* 59 Wis. 127; *Dorsey v. P. & C. Const. Co.* 42 Wis. 583; *Brabbits v. C. & N. W. R. Co.* 38 Wis. 289.

The proposition is not disputed, but it is insisted that permitting a car to obstruct a track is not such a defect in the road as to fix negligence on the company, if not removed. If it be the duty of the company to maintain a safe track for its employees who run its trains, can it make any difference whether a rock, a tree, or a broken bridge, a broken rail, or a structure maintained too near the track, or a railroad car driven upon the track by the force of the winds, causes the dangerous condition of the road? In either case it becomes the duty of the company to remove the obstruction or repair the track as soon as it can be ascertained by the exercise of reasonable diligence. And in such case the

knowledge of the agent of the company, whose duty it is to see that the track is in order, is the knowledge of the company, and any neglect on his part is the neglect of the company.

This is not a case where the defect in the track results from necessary work being done in repairing the track. In such cases it becomes necessary to render the track somewhat unsafe while the repairs are going on, and it may well be said in such case that, if the company has employed careful men to make the repairs, it has done its whole duty to its employees.    This is a case where the forces of nature have impaired the safety of the road.    Against defects caused by these forces the company is bound to protect its employees by the exercise of due diligence in discovering the defects and guarding against them.    That when the track becomes unsafe by the operation of natural forces there can be no doubt as to the duty of the company to use diligence in ascertaining the fact, and remedying it, and any neglect to do so is the neglect of the company, there would seem to be no doubt.    All the cases hold this, and the point was decided against the company in the case of *Stetler v. C. & N. W. R. Co., supra.*    It seems to me too clear almost for argument that if a railroad company suffered its track to remain out of repair and unsafe after a freshet, which had weakened its bridges or washed away its embankments, after it could have learned of the fact by reasonable diligence, it would be liable to an employee operating a train on such road, unless it was the duty of the employee injured to see that the road was in a safe condition.    The company, being under obligation to keep its road in a safe condition, is not relieved from its liability because of the neglect of its agents charged with that duty.    The neglect of such agents is the neglect of the company in such case.    It seems to me that it can make no difference that the track is rendered unsafe by the fact that a defect which renders the road unsafe arises from

the fact that some object is blown upon the track, or whether the supports of the track are destroyed by the force of the winds or floods.

The question whether the obstruction could have been discovered by the parties in charge of the station, by the exercise of reasonable diligence, before the accident happened, was properly submitted to the jury, and the verdict is conclusive upon that point, and the judgment should be affirmed.

ORTON, J.  I coincide with this opinion.

*By the Court.*— The judgment of the county court is reversed, and a new trial awarded.

A motion by plaintiff for a rehearing was denied June 22, 1887, after argument; and the following opinion was filed:

COLE, C. J.  By the special verdict the station agent was found to have been negligent.  The evidence in support of such findings, if any, is very slight.  Assuming it to have been sufficient, still a majority of the court are clearly of the opinion that, under the rule long ago established, such negligence must be regarded as that of a co-employee.  The facts bring the case squarely within the rule sanctioned in *Cooper v. M. & P. du C. R. Co.* 23 Wis. 668.  In that case the freight train was running west from Milton to Edgerton.  The place of the injury was some thirty or forty rods west of the bridge across Rock river.  The negligence charged and proved consisted in the fact that workmen engaged in repairing the track at that point had taken up three rails at once, without giving sufficient notice to those in charge of the approaching train.  The negligence was conceded, but the plaintiff was nonsuited on the ground that such trackmen were co-employees with the injured

brakeman on the train; and the judgment was affirmed in an opinion by DIXON, C. J. That case was expressly sanctioned by RYAN, C. J., in *Anderson v. C., M. & St. P. R. Co.* 37 Wis. 322; ORTON, J., in *Howland v. M., L. S. & W. R. Co.* 54 Wis. 230; TAYLOR, J., in *Heine v. C. & N. W. R. Co.* 58 Wis. 529; and *Peschel v. C., M. & St. P. R. Co.* 62 Wis. 349. To the same effect, *Walker v. Boston & M. R. Co.* 128 Mass. 8; *Henry v. Lake Shore & M. S. R. Co.* 49 Mich. 495; *Collins v. St. Paul & S. C. R. Co.* 30 Minn. 31; *Randall v. Baltimore & O. R. Co.* 109 U. S. 478. To constitute fellow-servants, within the meaning of these cases, it is not necessary that the negligent workman causing the injury and the one injured should both be engaged in the very same particular work. It is sufficient if they are employed by the same master, under the same control, and performing duties and services for the same general purpose. *Ibid.; Lehigh Val. Coal Co. v. Jones,* 86 Pa. St. 432; *New York, L. E. & W. R. Co. v. Bell,* 112 Pa. St. 400.

Here, the station agent was competent. He was expressly charged by the rules of the company with the duty of being out at the station, and knowing that everything was right, when trains were passing, and to keep the main track clear and unobstructed for the passage of trains, or to give timely notice of such obstruction to those in charge of approaching trains. Similar duties were imposed upon the trackmen in *Cooper v. M. & P. du C. R. Co. supra,* which they neglected, but they were held to have been co-employees with the injured brakeman. The duty of keeping the track clear and unobstructed for the passage of trains, or to give timely notice to those in charge of approaching trains, is no different in principle when applied to the station agent, and the portion of the track at or near the depot in question, than when applied to the trackmen, and the portion of the track thirty or forty rods west of Rock river, in the *Cooper Case.* If the negligence of those

charged with such duty in that case was that of a co-employee, with the brakeman, then the negligence of the agent charged with such duty was that of a co-employee with the brakeman in this case. It may be that in some of the multitude of cases involving negligence — mixed questions of law and fact — some things may have been said by some members of the court inconsistent with the principle thus sanctioned in the *Cooper Case*, but that principle has been too often and too emphatically pronounced, and too long maintained by this court, not only in the cases cited, but many others which might be cited, to be regarded as even shaken, much less overruled. The facts clearly distinguish this case from that class where the defective condition of the track has remained so long that the officers of the company are presumed to have had notice of it, as in *Hulehan v. G. B., W. & St. P. R. Co.* 68 Wis. 520, and cases of that character.

*By the Court.*— The motion for a rehearing is denied, with $25 costs.

LYON and CASSODAY, JJ. We concur in the above opinion.

See note to this case in 31 N. W. Rep. 107.— REP.