DALY, by guardian *ad litem,* Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*October 1—October 20, 1903.*

*Street railways: Nuisances: Running freight cars without authority: Liability for injuries: Negligence.*

For injuries sustained by a traveler on a street, without fault on his part, caused by the running of freight cars upon street railway tracks without authority and in violation of law, the street railway company is liable, even though no specific negligence in the operation of such cars be shown.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer to a complaint which alleges, in effect, that the plaintiff is an infant eight years of age; that his father was duly appointed his guardian herein; that the defendant was duly incorporated under the statutes of this state, and at all the times mentioned authorized to operate street railways therein, and particularly in the city of Milwaukee; that the defendant derived its authority from certain ordinances of the city; that among others the defendant had a double-track street railway on Wells street from Eleventh street west to the city limits, upon which to run its cars, under the provisions of the ordinance, which, among other things, provided that "the said tracks and railway shall be used for no other purpose than the transport of passengers and their ordinary baggage, and the cars or carriages used for that purpose shall be of the best style and class in use on such railways;" that such provision has continued and remained in full force, and is a limitation upon the use which may be made of such tracks, and that no right has ever been granted in any form to the defendant to operate cars upon any of its tracks in the streets in the city of Milwaukee except for carrying passengers; that

during the year last preceding, at frequent but irregular intervals the defendant ran a large number of its trains upon its tracks in the city—including those on Wells street—propelled by electricity, adapted solely for carrying freight and heavy material, carrying no passengers, nor stopping to receive or discharge passengers, but running continuously from their starting point to their destination in the manner of ordinary freight trains, used only for carrying freight and heavy material for compensation or profit to the defendant, such freight and material being carried to and from places outside the city; that such freight trains so run in the streets of the city were dangerous to the community, and especially to children lawfully upon such streets, and that they have been so run by the defendant wholly without authority of law and in direct violation of law; that November 18, 1902, the defendant ran one of such trains consisting of five of such freight cars which had brought freight and heavy material over Wells street from beyond the city limits to some place in the city, and which was engaged in such traffic, and for the purpose of further hauling freight and material from beyond the city to some place within the same, said cars then being empty, westwardly on Wells street, without any authority and in direct violation of law; that such train was so run at a very high and dangerous rate of speed along such public street, passing street crossings at very frequent intervals, without giving signals, through a populous part of the city, passing schoolhouses when children were on their way home from school; that the plaintiff then being lawfully upon said Wells street, seeking to cross the same and exercising due care for one of his age, at the intersection of Twelfth street, was struck by said freight train of the defendant and thrown down thereby, partly under the wheels thereof, and one of his legs was crushed so that it had to be amputated, and a portion of his foot of the other leg lacerated, crushed, and torn so that a large part thereof had to be removed, subject-

ing the plaintiff to great pain and suffering, and crippling him for life, to his damage.

For the appellant there was a brief by *Spooner & Rosecrantz,* and oral argument by *C. P. Spooner.*

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.*

CASSODAY, C. J.   Counsel for the defendant contend that the complaint fails to state a cause of action because it does not specifically allege any negligence of the defendant in operating the train or in the construction of the cars or the track or otherwise.   It does allege that the defendant was only authorized to use its tracks and railway for transporting passengers.   Had the injury resulted from the use of such passenger cars, there might have been some force in the objection.   *Chicago & E. I. R. Co. v. Loeb,* 118 Ill. 203, 8 N. E. 460; *Randle v. Pacific R. R.* 65 Mo. 325.   But the gravamen of the complaint is that the plaintiff was injured by reason of the defendant running freight cars upon its tracks without authority and in violation of law.   The question whether an indictment would lie at common law against a corporation for a misfeasance was answered in the affirmative by the Queen's Bench many years ago.   *Queen v. G. N. of E. R. Co.* 9 Q. B. 315, 325.   In that case it was said by Lord DENMAN, C. J., that "a corporation  . . .   may be guilty as a body corporate of commanding acts to be done to the nuisance of the community at large."   Id. 326.   Thus, it has been held in Massachusetts that "a railroad laid out over and along a highway in such a manner as to obstruct it, without express statute authority or necessary implication, is liable to indictment as a nuisance."   *Comm. v. O. C. & F. R. R. Co.* 14 Gray, 93.   See, also, *State v. T. & B. R. Co.* 57 Vt. 144; *Evans v. C., St. P., M. & O. R. Co.* 86 Wis. 597, 603, 57 N. W. 354.   So it is well settled that if an individual, without fault on his part, suffers special damage by any unlawful

act in obstructing a highway, he has a right of action there-
for, although the party doing the act is also liable to an in-
dictment for the same. *Thayer v. Boston,* 19 Pick. 514, 31
Am. Dec. 159; *Zettel v. West Bend,* 79 Wis. 316, 319, 48
N. W. 379, and cases there cited. Thus it has been held in
New York that "the construction and maintenance of a street
railway by any individual or association of individuals with-
out legislative authority is a public nuisance, and subjects
those maintaining it to a private action in favor of any per-
son sustaining special injury therefrom." *Fanning v. Os-
borne,* 102 N. Y. 441, 7 N. E. 307. To the same effect, *Beek-
man v. Third Ave. R. Co.* 153 N. Y. 144, 152, 47 N. E. 277;
*Stamford v. Stamford H. R. Co.* 56 Conn. 381, 15 Atl. 749;
*Wellcome v. Leeds,* 51 Me. 313, 315. To the extent that the
defendant exceeded its authority by running freight cars
over its tracks without legislative permission, express or im-
plied, it must be regarded as acting in violation of law, and
hence answerable accordingly. This has, in effect, been re-
peatedly held by this court. *Evans v. C., St. P., M. & O. R.
Co.* 86 Wis. 597, 603, 57 N. W. 354; *Linden L. Co. v. Mil-
waukee E. R. & L. Co.* 107 Wis. 493, 513, 83 N. W. 851;
*Allen v. Clausen,* 114 Wis. 244, 90 N. W. 181. Thus it is
stated by a standard text-writer that

"for personal injuries sustained by a person by reason of
any nuisance in a highway, or injuries thereby inflicted upon
his team or property, the person creating the nuisance, as
well as the person maintaining it, is always liable in a civil
action, if the person injured was in the exercise of ordinary
care when the injury was inflicted; and no degree of care on
the part of the person erecting or maintaining the nuisance
will exempt him from liability." 2 Wood, Nuisances (3d ed.)
§ 703.

The theory is that, the act being wrongful, the party doing
it is answerable for all the consequences that flow therefrom
to a person who is not chargeable with negligence by reason
of which the injury is inflicted. Id. The allegations of the

complaint, if true, are sufficient to authorize a jury to find that the plaintiff's injuries were without fault on his part, and were actually caused by the running of the freight cars on the defendant's tracks in violation of law; and hence the complaint states a cause of action.

*By the Court.*—The order of the circuit court is affirmed.