WASZKIEWICZ, Appellant, vs. MILWAUKEE ELECTRIC RAIL-
WAY & LIGHT COMPANY, Respondent.

*November 14—December 5, 1911.*

*Street railways: Franchise: Use of tracks for carrying materials:*
*Master and servant: Validity of contract of employment: Neg-*
*ligent injury: Right of action: Fellow-servants.*

1. Although the franchise of a street railway company provides that
   its "tracks . . . shall be used for no other purpose than to
   transport passengers and their ordinary baggage," the company
   may, within reasonable limits, run utility cars for carrying
   material and supplies for its own use in maintaining its rail-
   way system. *Daly v. Milwaukee E. R. & L. Co.* 119 Wis. 398,
   distinguished.
2. The use of the streets for running such a car being lawful, the
   contract under which a member of the crew thereof was em-
   ployed was not invalid.
3. Even if a utility car was unlawfully on the street, that fact in
   no way contributed to the injury of, and gave no right of ac-
   tion to, a member of the crew who, while unloading material,
   was injured by the sudden starting of the car without notice.
4. The motorman of a utility car used in transporting material
   and supplies for a street railway was a fellow-servant of an-
   other member of the crew who, while unloading material, was
   injured by the motorman's negligence in starting the car with-
   out notice.

APPEAL from a judgment of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff against the de-
fendant, a street railway company engaged in operating a
street railway system on the streets in the city of Milwaukee.
The complaint charges unlawful use of the streets under the
provisions of defendant's franchise, and especially sec. 5
thereof, which contains the following provision: "that said
tracks and railways shall be used for no other purpose than
to transport passengers and their ordinary baggage, and the
cars or carriages used for that purpose shall be of the best
style and class in use on such railways."

The complaint further alleges that no right has ever been granted to the defendant to operate cars on any of its tracks along the streets of the city of Milwaukee, except for carrying passengers; that during three years prior to the commencement of this action, at frequent but irregular intervals, the defendant ran trains upon its tracks in the city of Milwaukee solely to carry freight and heavy material, and that such trains so run were and are dangerous to persons upon the streets, and are run without authority of law; that on June 2, 1902, the plaintiff was injured by one of said freight cars so unlawfully operated on Sycamore street, one of the streets in said city of Milwaukee, and demands damages therefor. During the trial the plaintiff, by permission of the court, amended his complaint by inserting allegations of negligence on the part of the defendant in addition to the allegation in the original complaint that the cars were unlawfully operated, and also alleging employment of the plaintiff. At the close of the plaintiff's evidence a motion for nonsuit was granted and judgment ordered for the defendant. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Theodore Kronshage, Jr.,* and *Casimir Gonski,* and oral argument by *A. H. Bartelt.*

For the respondent there was a brief by *Van Dyke, Rosecrantz, Shaw & Van Dyke,* and oral argument by *James D. Shaw.*

KERWIN, J. It appears from the evidence that on the day in question the plaintiff was in the employ of the defendant and had been for several years prior thereto; that on the 2d day of June, 1902, the time of the injury, and for some time prior thereto, plaintiff was the custodian of tools and had charge of lamps or lanterns on the utility car used for the repair and maintenance of the defendant's tracks. The

lanterns were carried on the car and put up at places where work was being done. On the morning of the accident plaintiff left the defendant's utility yard on a utility car, which car was operated by a motorman who stood toward the front end of the car. The other member of the crew was a trolley boy who attended the trolley when the car passed around curves and over switches. The car made a trip to Wauwatosa, then to Sycamore and Third streets in the city of Milwaukee. There were six used rails, thirty ties, splices, bolts, spikes, two tool boxes, and lamps upon the car. The car came to a stop a few feet east of Third street. The plaintiff testified that after he got through cleaning the lamps he began throwing off ties, and while so doing the motorman moved the car, which caused his injury, and that no warning was given to him of the intention to move the car.

Two main contentions are made by appellant: (1) That the use of the streets of the city of Milwaukee for the purpose of running cars over defendant's tracks for carrying material for the repair and maintenance of defendant's tracks and railway system was an unlawful use under sec. 5 of defendant's franchise, heretofore quoted, therefore the defendant, being engaged in an unlawful use of the streets, was liable for any injury sustained by plaintiff, regardless of whether the relation of employer and employee existed; and (2) that even if the relation of employer and employee existed, the motorman was not a fellow-servant with the plaintiff, therefore the negligence of the motorman was the negligence of the defendant.

1. It is insisted under the first head that the relation of master and servant can be created only by contract, and since the use of the streets was unlawful upon the facts proved there was no valid contract, because the contract of employment between plaintiff and defendant was illegal, and hence the doctrine of fellow-servant could not apply; that, the act contracted to be done by the plaintiff being itself a wrong,

the master is not liable as such, but only as a joint tortfeasor, and not under the doctrine of master and servant. *Daly v. Milwaukee E. R. & L. Co.* 119 Wis. 398, 96 N. W. 832, is relied upon by appellant. The case is not in point. In that case the freight cars were run solely for the carrying of freight and heavy material for compensation, or profit to the defendant. The plaintiff at the time of the injury was lawfully using the street for travel and was injured by one of defendant's freight cars while being run at a very high and dangerous rate of speed, and the plaintiff, while crossing the street and in the exercise of due care, was struck by such freight train and injured. The case turns upon the proposition that the freight train was a nuisance in the street, and that a person lawfully using the street and sustaining an injury in consequence of such nuisance was entitled to recover. But no such case is before us. In the instant case there is no evidence that the defendant was unlawfully using the street in question. It was not hauling freight for compensation. It was carrying material and supplies for the use of the company in maintaining its railway system, and not acting as a common carrier of freight for hire. This, it seems clear, the defendant had a right to do under its franchise, so long as it reasonably exercised the right. *Caswell v. Boston E. R. Co.* 190 Mass. 527, 77 N. E. 380. The Massachusetts court in the case last cited holds, under a provision similar to sec. 5 of defendant's franchise, that while it might be unlawful for the railway company to use its tracks and cars in carrying freight for hire and be guilty of negligence for so doing, yet, because the construction, maintenance, and management of a street railway involves the use at different times of many kinds of material at different places along its line, a street railway corporation has the same right as other persons to use the streets in a reasonable way in the transportation of anything which it is reasonably necessary to transport as incident to the proper management of its legiti-

mate business. That if a reasonable way to bring material near the place where it is to be used, either for original construction or repair of the tracks, is upon cars propelled over the tracks, it is not unlawful to use the tracks for such purpose, and that such a corporation may carry along the tracks coal to supply power houses, if that is a reasonable way of doing business.

The plaintiff's claim here is not based upon any injury because of obstruction to public travel or to his rights as a traveler or otherwise in the street. He was a member of the crew engaged in the work at the time of the injury, and, even though the car were unlawfully on the street and unlawfully operated, such fact in no way contributed to the injury of which the plaintiff complains, and gave him no right of action, and constitutes no breach of duty to the plaintiff upon the facts established by the evidence.

2. The defendant being lawfully upon the street and the contract of employment being valid, the relation of fellow-servant between plaintiff and the motorman existed. *Naylor v. C. & N. W. R. Co.* 53 Wis. 661, 11 N. W. 24; *Howland v. M., L. S. & W. R. Co.* 54 Wis. 226, 11 N. W. 529; *Peschel v. C., M. & St. P. R. Co.* 62 Wis. 338, 21 N. W. 269; *Toner v. C., M. & St. P. R. Co.* 69 Wis. 188, 31 N. W. 104, 33 N. W. 433; *Schultz v. C. & N. W. R. Co.* 67 Wis. 616, 31 N. W. 321; *MacCarthy v. Whitcomb,* 110 Wis. 113, 85 N. W. 707.

It is also insisted by appellant that the defendant was negligent in failing to give notice of the starting of the car which it is alleged caused the injury, and that there is no evidence that the defendant instructed the motorman to give notice, or that the motorman was competent. The failure to give notice was the negligence of the motorman, who was the plaintiff's fellow-servant. The case was tried upon the theory of unlawful use of the street by the defendant. There is neither allegation nor proof of negligence in failure to

make proper regulations, or as to incompetency of the motor-man.

Some other questions are discussed by counsel which we need not consider. We think it clear that the plaintiff made no case, and that the nonsuit was properly granted.

*By the Court.*—Judgment is affirmed.