MILLER, Respondent, vs. CENTRALIA PULP & WATER POWER COMPANY, Appellant.

*November 5, 1907—January 28, 1908.*

*Master and servant: Injuries to servant: Safe place to work: Negligence of fellow-servant: Trial: Direction of verdict.*

1. In an action by a servant for personal injuries it appeared, among other things, that the injury occurred in a dimly-lighted place in defendant's mill; that the master had furnished all the appliances necessary for lighting the mill in the proper conduct of his business, and had committed to a competent electrician the duty of operating those appliances whenever it was necessary to furnish artificial light at the mill. The negligence charged consisted in turning off the electric lights and thereby rendering the place where the plaintiff was working unsafe. *Held*, that such negligence was of a class of risks incident to the daily conduct of the master's business, one wherein a servant was intrusted with a function pertaining to a customary operative detail, and therefore it was not the negligence of the master in failing to furnish a safe place for the servant to work.

2. In such case, although the electrician was employed to perform a separate and distinct part of the work of running the mill and was given full control thereof by the defendant, his duties are *held* not so completely separated from those of the plaintiff and other mill operatives that he can be said not to have been engaged in a common employment with them, and hence plaintiff and the electrician were fellow-servants.

3. Where, in an action for injuries to a servant, it is without dispute that the injuries were occasioned by the acts of a fellow-servant, it devolves upon the court to grant defendant's motion to direct a verdict in its favor.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

This is an action to recover damages for injuries sustained by the plaintiff in falling from an elevator in defendant's pulp and paper mill. Plaintiff alleges that the injuries were due to the negligence of the defendant in failing to provide a safe place to work. For nine or ten years previous to January 31, 1905, plaintiff had been employed by the defendant in connection with the operation of a small wood saw located outside of defendant's mill. Shortly after 7 o'clock on the morning of January 31, 1905, he was directed to haul pulp from the lower section of the mill to a room in the upper part of the mill, called the "beater" room. In hauling pulp to the beater room plaintiff was obliged to pull a truck loaded with the pulp over a platform leading from the mill entrance to the platform of an elevator. After the truck had been raised to the beater room the truck was pulled along the floor of the beater room. After unloading the first load plaintiff returned with his truck to the elevator, and the elevator was lowered to the platform. While the elevator was up at the floor on which the beater room is located the light near the elevator shaft on the first floor had been extinguished along with the other lights in the mill. This left the elevator platform without sufficient light for plaintiff to · see to perform his duties. In this condition of the light plaintiff stepped around the truck to push it from the elevator platform, fell from the platform to the bottom of the elevator shaft, and sustained the injuries complained of. Plaintiff claims that the turning off of the electric light on the ground floor rendered the place so dark as to be unsafe. The light had been turned off by the electrician in the mill, who had been instructed to use the lights only when required for the operation of the mill. One switch was used for turning on and off the lights in the mill. By a special verdict the jury found that in failing to furnish and maintain a light at the

place where plaintiff was injured there was a want of ordinary care on the part of the defendant; that this was the proximate cause of plaintiff's injury; that the absence of guards or protection upon the elevator was not the proximate cause of the injuries; that plaintiff was not guilty of contributory negligence, and had not assumed the risk of sustaining injuries as complained of; and that defendant ought to have anticipated that such injury might probably result. They assessed plaintiff's damages at $5,000. This is an appeal from a judgment in plaintiff's favor.

For the appellant there was a brief by *Vilas, Vilas & Freeman,* and oral argument by *E. P. Vilas.*

*D. D. Conway,* attorney, and *Daniel H. Grady,* of counsel, for the respondent.

The following opinion was filed November 26, 1907:

SIEBECKER, J. Appellant avers that the court erred in holding defendant liable for the negligence found by the jury. The jury found by their verdict that the want of a sufficient light on the elevator platform at the time of the accident was the proximate cause of the plaintiff's injuries. It appears from the evidence, as above stated, that the want of sufficient light at the time and place of accident resulted from the turning off of the electric lights by the electrician in charge of the lights at the mill. He was empowered by the defendant and charged with the duty of turning the electric lights on and off, as he might find necessary under the varying conditions of the natural light. The defendant had furnished all the light appliances necessary for the proper conduct of its business, and had committed to the electrician the duty of operating these appliances whenever it was necessary to furnish artificial light for the conduct of its business at the mill. The issue upon this branch of the case is whether or not it was the master's duty, under the facts and circumstances shown, to turn on the light at this place so as to have sufficient light for the employees to do their work, or whether turning

on light at this place was an operative detail of the business, the performance of which it could commit to a competent servant.

There is no dispute in the evidence that the defendant furnished a proper and complete equipment for lighting the place where plaintiff was working when he was injured and that the electrician was a reasonably competent employee for the discharge of the duty assigned to him. The turning on and off of the electric light as the exigencies of the business might require under the varying condition of the natural light in the mill is in its nature an incident to the daily operation of the business. The furnishing of proper appliances for light is clearly a duty of the master, but, after they are furnished, the act of operating them is of the same character as the operation of any other appliance furnished by the master. True, the negligent operation of the electric light appliances under the circumstances of this case affected the safety of the place of work of plaintiff and other employees in the mill, but this does not necessarily make it more than the negligent operation of a detail by an employee which made a working place dangerous to other employees. The fact that a working place may be rendered unsafe by reason of the negligent operation by an employee of an appliance furnished by the master does not preclude the master from committing the operation of such an appliance to a competent employee, and any injury to an employee due to such negligent operation of the appliance is not a failure of duty by the master to furnish a safe place or appliance, but is a negligent act of the servant in the conduct of a common employment. We are of opinion that the negligence complained of is of the class incident to the daily conduct of defendant's business, one wherein a servant is intrusted with the performance of a function pertaining to a customary operative detail, and therefore it was not the negligence of the master in failing to furnish and maintain a safe place for the employees to work.

It is, however, contended that if the negligent act of the

electrician be considered an operative detail in the prosecution of the business such as the master could delegate to a competent servant, still the defendant is liable because the electrician and plaintiff, under the circumstances shown, are not fellow-servants. The argument is made that the electrician was employed to perform a separate and distinct part of the work of running the mill and was given full control thereof by the defendant, and that his duties were so completely separated from those of the plaintiff and the other mill operatives that he cannot be said to have been engaged in a common employment with them. The facts of the case do not support this claim under the rule of the adjudications of this state. That the plaintiff's and the electrician's duties were not so remotely connected as to remove them from a common employment appears from the following cases: In *Okonski v. P. & O. F. Co.* 114 Wis. 448, 90 N. W. 429, it was determined that this question is not "controlled by the fact that different parts of the work necessary to the general enterprise are placed in the hands of employees remote from each other, and receiving immediate command from different superiors, or, indeed, one from the other." Many cases of this court are cited in support of the rule, and among them the following: In *Howland v. M., L. S. & W. R. Co.* 54 Wis. 226, 11 N. W. 529, the conductor in charge of a train engaged in clearing a track of snow negligently caused an injury to a shoveler on the track engaged at the same task and they were held to be fellow-servants. In *Peschel v. C., M. & St. P. R. Co.* 62 Wis. 338, 21 N. W. 269, a mason engaged with others in the erection of a water tank and windmill was injured by the negligence of the foreman in the management of the work. It was there held that the mason and the foreman were engaged in a common employment, and therefore that the master was not liable for such foreman's neglect. In *Ewald v. C. & N. W. R. Co.* 70 Wis. 420, 36 N. W. 12, 591, it was held that a workman in the roundhouse who was injured while crossing defendant's tracks in going to the roundhouse to his

work by freight cars being jammed together by the trainmen was a fellow-servant of the trainmen. In the recent case of *Williams v. North Wis. L. Co.* 124 Wis. 328, 102 N. W. 589, the court states the rule to be that a master "may doubtless commit to the employees the details of the work, . . . made necessary by the ordinary prosecution of the business, . . . and such servants, thus prosecuting the work, . . . become fellow-servants, whatever their rank, so that the negligence of one by which others are injured is the negligence of a fellow-servant"—citing a number of illustrative cases. In *Mac-Carthy v. Whitcomb,* 110 Wis. 113, 85 N. W. 807, the rule formulated is, in substance, that if the injured and the negligent servant were employed by the same master, subject to the same control, and performing duties for the same general purpose, although not engaged in the same particular work, this makes them fellow-servants, and exempts the master from liability for the acts of the negligent servant. According to the principle of the foregoing cases and those referred to therein, the facts and circumstances of the instant case clearly show that the defendant had committed to the plaintiff and the electrician who had charge of the electric lights operative duties which pertained to the customary and daily prosecution of its business, and they were thus engaged in a common employment.

Since the facts of the case are without dispute upon this question, it devolved on the court to grant defendant's motion to direct a verdict in appellant's favor. *MacCarthy v. Whitcomb, supra.*

*By the Court.*—Judgment reversed, and the cause remanded with directions that the court award judgment dismissing the complaint.

WINSLOW, C. J., and BASHFORD, J., took no part.

A motion for a rehearing was denied January 28, 1908.